# Slaughter *v.* Slaughter, *et al.*

### *Bill to Determine to Whom Endowment is Payable.*

(Decided May 21, 1914. 65 South. 348.)

1. *Insurance; Fraternal; Change of Beneficiary; Parol Evidence.*—Where the by-laws of a fraternal order declare that a member shall execute a certificate showing the disposition he desires shall be made of his endowment, in the absence of such certificate, the endowment must be paid to the widow and orphans or legal heirs, subject to the endowment provisions, and when a member obtains a certificate stipulating that it may be changed by him from time to time, as to the beneficiary, such member cannot change the beneficiary by parol expression merely, and the expression of his wish to an officer of the local lodge to make a change of beneficiaries does not effect a change.

2. *Same; Beneficiaries.*—Under the rules permitting a member to designate another beneficiary although he had a wife and children, and in the absence of a rule or statute of the order, restricting the beneficiary to a lawful wife, an allusion to a beneficiary in the certificate as a wife of the member, was merely descriptio personæ, and not a warranty to the order that she was the lawful wife, and such beneficiary could recover on the certificate although another was the lawful wife of the member.

3. *Same; Hearsay.*—Statements of a deceased member of an order that he had told an officer of his local lodge to make a change specified in reference to the beneficiary in the certificate were hearsay, and should not be considered in determining whether a change in the beneficiaries was made.

Appeal from Gadsden City Court.

Heard before Hon. John H. Disque.

Bill of interpleader, by the Grand Lodge A. F. & A. M. (colored) of Alabama against Sarah Slaughter and Robert B. Slaughter, to determine the right to the proceeds of the benefit certificate in favor of Jacob Slaughter, deceased member of a local lodge. From a decree awarding the fund to Sarah Slaughter, Robert Slaughter appeals. Affirmed.

It appears without dispute that the deceased member, Jacob Slaughter, filed with the local secretary a certificate in due form, designating as beneficiary, "my wife

Sarah Slaughter," and that this certificate remained in the custody of the local lodge, and had not been changed at the time of Jacob Slaughter's death. Robert Slaughter is the son of Jacob, and his mother is Mariah Slaughter, who claims to have been the original and the only lawful wife of Jacob, from whom, however, she was permanently separated about 20 years ago, but not divorced; after which Jacob formally married and lived with Sarah as his wife down to within about a year of his death. The claims of Robert are based on the testimony of several witnesses, which it is alleged tends to and supports the conclusion that Jacob declared several times before his death that he wished to make Robert his beneficiary in lieu of Sarah, that he so instructed an officer of the lodge to change the certificate, and that the officer promised he would do so. As to these matters the evidence is in pointed conflict.

CULLI & MARTIN, for appellant. The designation of the beneficiary in the certificate could be changed by parol designation, and did not require the solemnity of a will or deed.—*Martin v. Woodmen of America,* 253 Ill. 400. The society may waive compliance of its regulations or the member may put it beyond his power to comply literally with the regulations, or a member may do all that he can do leaving formal ministerial acts to be performed by the society.—29 Cyc. 1334-5. The deceased had the right to change beneficiaries from time to time, and at any time without formal writing.— 1 Bacon Benefit Society, p. 625. The beneficiary may be changed by parol.—*Niblac v. Benefit Society,* 410; 45 Am. St. Rep. 20; 104 Cal. 171; 149 Mass. 521; 123 N. Y. 367.

McCORD & DAVIS, for appellee. There is nothing prohibitive in the certificate or in the rules of the order

that would prevent Sarah Slaughter from being the beneficiary.—*Stoelker v. Thornton*, 88 Ala. 246. The formalities required to change the beneficiary cannot be waived by the officers of a subordinate lodge.—43 Atl. 286; 208 Pa. 101. Under the facts in this case and the rule of the order, the beneficiary named in the certificate became entitled to the amount immediately upon the death of Jake Slaughter, whether she was the wife or not of said Jake Slaughter.—3 A. &.E. Enc. of Law, 943; 155 Pa. St. 5; 41 Ga. 338; 119 Wis. 312. The court properly held that the beneficiary could not be changed by parol.—§ 6174, Code 1907; *Barnwell v. Murrell*, 18 South. 831; *Woodruff v. Hundley*, 32 South. 570.

SOMERVILLE, J.—Under the regulations and by-laws of the Masonic Lodge, which brings this fund into court for the benefit of the person lawfuly entitled to receive it, Jacob Slaughter, the deceased member, was authorized to designate the beneficiary of the endowment to be paid at his death.

The provisions directly pertinent are:

"(a) Every endowment member should execute and deposit with the secretary of his lodge an endowment certificate showing the disposition he desires made of his endowment, which certificate shall be respected after death as his last will and testament."

"(b) In the absence of such certificate the endowment must be paid to the widow and orphans or legal heirs subject to the endowment provisions."

The certificate itself recites that "this certificate may be changed by signer from time to time." There are no specific provisions here as to the mode by which this change is to be effected. But it seems perfectly clear, by necessary implication, that it must be done by the member either by filing a new certificate, or by indorsing the

[Slaughter v. Slaughter, et al.]

change upon the original. It is to be noted that the right here recognized is not to change the *beneficiary* merely, but to change the *certificate*. Certainly this cannot be done by parol expression merely. The object in view is to avoid the disputes, the doubts, and the frauds, which must inevitably attend the award of such benefit endowments, if the beneficiary can be changed by and made subject to the vagaries of parol evidence in the shape of alleged antemortem statements by the deceased. While the member's certificate is not regarded as a testament, the analogy is very strong, and the rules of law which protect wills against posthumous attack and alteration are applicable with almost equal force to benefit certificates, as far as sound legal policy is concerned.

It is true that courts of equity have in some cases given effect to attempted but unperfected changes of beneficiaries by association members, but in doing so they have proceeded with great caution.

"The rule.that the parties must comply with the laws of the society in order to effect a change of beneficiary is subject to three exceptions, namely: (1) Where the society has waived compliance with its regulations or estopped itself to assert noncompliance therewith; (2) where it is beyond the power of the member to comply literally with the regulations, as where the rules require a surrender of the original certificate, and it is impossible for the member to surrender it; and (3) where the member has done all that he is required to do, and only formal ministerial acts on the part of the society remain to be done in order to complete the change, and the member dies before performance thereof."—29 Cyc. 133b.

This text is well supported by the following, among other, authorities: *Grand Lodge, etc. v. Noll,* 9 Mich. 37,

20—186

51 N. W. 268, 15 L. R. A. 350, 30 Am. St. Rep. 419; *Independent Foresters v. Keliher*, 36 Or. 501, 59 Pac. 1109, 60 Pac. 563, 78 Am. St. Rep. 785; *Hall v. Allen*, 75 Miss. 175, 22 South. 4, 65 Am. St. Rep. 601; *Lahey v. Lahey*, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep.. 554; *Luhrs v. Luhrs*, 123 N. Y. 367, 25 N. E. 388, 9 L. R. A. 534, 20 Am. St. Rep. 754; *Marsh v. Sup. Council, etc.*, 149 Mass. 512 21 N. E. 1070, 4 L. R. A. 382. See, also, the notes in 15 L. R. A. 352, 19 Am. St. Rep. 781, 786, 52 Am. St. Rep. 543, 562, and Bacon on Benefit Societies, §§ 309, 310.

While several of appellant's witnesses testify to statements by the deceased member of his wish to make appellant the beneficiary of this endowment only one witness testifies that he expressed that wish to an officer of the lodge. Accepting as true the testimony of this witness (Luke Pope), it is clear that the deceased member never made such an attempt to change the certificate as would authorize a court of equity to treat the change as accomplished.

Moreover, Pope's testimony in this regard is radically contradicted by another of appellant's witnesses (O'Reilly), who was present on the occasion specified; and the whole statement is denied by Alford, the Worshipful Master of the local lodge, to whom Pope asserted the deceased had expressed his wish to have the certificate changed.

Of course hearsay statements of the deceased that he had told Alford to make the change are not competent evidence, and must be rejected.

On the whole evidence, which is confused and conflicting, we are not reasonably convinced that the deceased requested Alford to make the change, and on either view of the case we cannot ascribe error to the finding and decree of the chancery court.

It is of no consequence that Sarah Slaughter, the beneficiary named in the certificate, was not the lawful wife of the deceased member. The rules of the order permit a member to designate another beneficiary though he have wife and children living, and the rules of public policy which have been applied by the courts to ordinary life insurance do not govern benefit endowments. Where no rule of the order and no public statute restrict the beneficiary to a lawful wife, the allusion to the beneficiary in the certificate as the member's wife is mere descriptio personæ, and not a warranty to the Order that she is a lawful wife. The whole subject is ably discussed in the recent case of *Mutual Life Ins. Co. v. Cummings,* 66 Or. 272, 133 Pac. 1169, 47 L. R. A. (N. S.) 252, and the authorities are collected in the editor's note thereto.

The decree will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.