ALMA DONEY, INDIVIDUALLY AND AS ADMINISTRATRIX, ETC., OF FRED DONEY, DECEASED, RESPONDENT, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, APPELLANT.

Argued June 6, 1922—Decided June 21, 1922.

When the beneficiary in a life insurance policy is pointed out by name, and the word "wife" is added as an appositive, the party named is entitled as beneficiary even if not in fact the wife of assured and although he was married to another woman. The word "wife" *held* a mere *descriptio personœ.*

On defendant's appeal from the Camden District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, Lewis Starr.

For the respondent, Herbert J. Koehler.

The opinion of the court was delivered by

PARKER, J. The suit is for the proceeds of insurance on the life of Fred Doney, deceased, plaintiff claiming as beneficiary either personally or in the alternative as administratrix. The question whether this is proper practice is not raised. The real crux of the case is whether the appellee, Alma Doney, is designated in the policy as beneficiary. She is not named therein, and another woman is named, but appellee claims that the appositive word "wife" points her out as the real beneficiary.

Deceased was in the service of a large corporation which took out a general policy for the benefit of all its employes, written by the defendant. The life of deceased was included in that policy by virtue of an application signed by deceased with the name "Fred B. Downey" (not Doney) and containing a clause reading, "Beneficiary, with right to change reserved as stated in policy.

"Florence K. Downey
"Full name of beneficiary
"Wife
"Relationship to employe."

Defendant issued a certificate based on this application, stating the insurance to be payable "to the beneficiary designated as entitled to receive the same, if death occur while in the employment of the said employer, during the continuance of said policy and subject to the terms and conditions thereof.

"Florence K. Downey, Wife,

"subject to the right of the employe to change the beneficiary," &c. If no such beneficiary surviving, then to survivors in the following order of preference, viz.:

(*a*) Widow or widower; (*b*) surviving children; (*c*) parents or the survivor of them; (*d*) brothers and sisters; (*e*) executors or administrators.

The facts conceded or established are that deceased had married the plaintiff-appellee in 1904, and lived with her till about 1916, when he went away to work for the corporation mentioned, and that for several years before his death he had lived with Florence, named in the application and certificate, they holding themselves and each other out as husband and wife. That after the death of Fred Doney, or Downey, Florence had made claim for the insurance and that it had been paid. Alma, the plaintiff, then brought this action in the District Court against the company, waiving any excess over $500, and that court awarded judgment in her favor for that amount.

This judgment, in our opinion, cannot stand. It has already been observed that the *crux* of the case is whether Alma is legally designated as beneficiary, and we are clear both on reason and on authority that she is not. No question of beneficial interest of Florence is involved; the sole point for decision is whether the word "wife," coupled to the name of Florence, legally indicates Alma. Common sense indicates that if deceased had meant to designate Alma, he would not have named Florence. If the word "wife" had been used alone, the case would be different, but the rule, as we understand it in cases of this class, apart from questions of beneficial interest, by-laws or constitutions of fraternal organizations, and so on, is that if the designation of the beneficiary as the wife of the assured is descriptive only, it is immaterial whether or not she is his lawful wife. 25 *Cyc.* 889; *Joyce Ins.*, §§ 815, 816. This rule was applied by the late Vice Chancellor Howell in an interpleader case, *Prudential Insurance Co.* v. *Morris*, 70 *Atl. Rep.* 924, relying on *Overbeck* v. *Overbeck*, 155 *Pa.* 5; 25 *Atl. Rep.* 646. Other cases cited by counsel which we find support the rule are *Slaughter* v. *Slaughter*, 186 *Ala.* 302; 65 *So. Rep.* 348, another interpleader suit; *Mutual Life Insurance Co.* v. *Cummings*, 66 *Ore.* 272; 133 *Pac. Rep.* 1169, with full note in 47 *L. R. A*

(*N. S.*) 252; *Story* v. *Williamsburg, &c., Association,* 95 *N. Y.* 474; to which may be added *Brogi* v. *Brogi* (*Mass.*), 98 *N. E. Rep.* 573. These authorities hold that when the beneficiary clause names a particular individual, describing her as "wife," that word is to be taken as a mere *descriptio personæ,* and that the name and not the description is to control.

The judgment will be reversed. As there is no specific finding of facts by the trial judge there must be a new trial.