(134 So. 25)

## MISSOURI STATE LIFE INS. CO. v. ROBERTSON BANKING CO.

### 2 Div. 983.

Supreme Court of Alabama.
April 16, 1931.

See, also, post, p. 177, 134 So. 800.

Rushton, Crenshaw and Rushton, of Montgomery, for appellant.

McKinley & McDaniel, of Demopolis, for appellee.

16

FOSTER, J.

 Not being prohibited by law or public policy, a contract of life insurance, being a chose in action, may before loss be assigned to one having an insurable interest in the life of the assured, without the consent of the insurer, unless it contains a stipulation to the contrary, or by which the right of assignment is limited. McDonald v. McDonald, 215 Ala. 179, 182, 110 So. 291; 37 C. J. 422 et seq.; Colebrooke on Collateral Sec., § 426; Helmetag's Adm'r v. Miller, 76 Ala. 183, 52 Am. Rep. 316; Ala. Gold Life Ins. Co. v. Mobile Mut. Ins. Co., 81 Ala. 329, 1 So. 561; Haase v. First Nat. Bank, 203 Ala. 624, 625, 84 So. 761; 2 Cooley's Briefs on Ins. (2d Ed.) p. 1804.

 But limitations on the right of assignment before loss contained in the policy are usually effective. If the assignment is after loss, such limitations are not effective. Perry v. Merchants' Ins. Co., 25 Ala. 355; Ober & Sons Co. v. Phillips-Burttoff Mfg. Co., 145 Ala. 625, 40 So. 278; Crawford v. Chattanooga Savings Bank, 203 Ala. 133, 82 So. 163. But, if there is such a limitation, it is solely for the benefit of the company, and, if it does not take advantage of it, no one else may do so. 2 Cooley's Briefs on Ins., pp. 1827, 1828.

 Upon like principles we have held that a change of beneficiary may be effectual without a notation by the insurer on the policy, though the policy requires that such change be so noted by it, if the insurer waives the requirement, and that an interpleader by it is such a waiver. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761.

The assignment of a chose in action merely as collateral security has been held to create the relation of pledgor and pledgee. Keeble v. Jones, 187 Ala. 207, 65 So. 384.

 But a pledge of collateral securities in the nature of choses in action vests in the pledgee the right, sometimes the duty, to take such action as may be necessary to collect the amount due upon them at maturity without the necessity of a foreclosure by statute (section 6745) or in equity. Oden-Elliott Lumber Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3; Colebrooke on Collateral Sec., § 426; Jones on Pledges, § 664 et seq.; 49 C. J. 1019, 1021; First Nat. Bank v. Morgan, 213 Ala. 125 (9), 104 So. 403.

 It may be shown by parol evidence that, though the assignment is not limited, it was in fact given as security for a debt. Oden-Elliott Lumber Co. v. Butler County Bank, supra; Brown v. Isbell, 11 Ala. 1009; Locket v. Child, 11 Ala. 640; 22 C. J. 1256, 1260; 49 C. J. 908, § 32.

 The pledgee may recover the amount due on the collateral, and the pledgor is not a necessary or proper party in such an action at law. Oden-Elliott Lumber Co. v. Butler County Bank, supra; section 5699, Code; Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152; Alabama T. & I. Co. v. Knox, 115 Ala. 567, 21 So. 495; Jones on Pledges, § 669.

 Applying the above principles to the facts of this case, we observe that the complaint on its face shows an assignable chose in action, that plaintiff, as assignee, had the sole right of action in its own name. While the policy contains a clause that no assignment shall be binding upon the company unless made in a certain manner, and a duplicate furnished the company forthwith, defendant did not plead this provision and therefore waived it. Moreover, there was no proof that it was not complied with.

 The verified plea No. 4 of defendant denied the ownership by plaintiff of the cause of action. While it also set out what defendant was informed was the nature of plaintiff's interest, and the facts thus alleged showed that plaintiff did have the right to maintain the suit, and the plea was therefore inconsistent, it cannot be said that the allegation in general terms denying the ownership by plaintiff was proven; so that, though there was interposed no demurrer to this plea, it was not proven in legal effect.

The trial was without a jury, and we think that there was no error in overruling demurrer to the complaint and rendering judgment for plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.