140 So. 361

## DAVIS v. WACHTER.

### 6 Div. 24.

Supreme Court of Alabama.
March 10, 1932.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

Huey, Welch & Stone, of Bessemer, for appellant.

**308**

FOSTER, J.

The rights of the parties to the stock certificates sued for depend upon whether their owner, prior to his death, perfected a gift of them to defendant. Defendant claims under such a gift, and plaintiff is the personal representative of deceased.

Decedent was sick, and defendant was his sister, and had been living with him several months. He left a will under which the stock would go to his brother, who was appointed executor, and he, as such, is the plaintiff. The salient features of the evidence which appellee, the defendant, insists show a gift to her are as follows: A neighbor testified that, one day about a month before his death, she and another neighbor, now dead, went over to carry him some soup. Respecting that occurrence the record shows her testimony as follows:

"Q. Did he say anything to her about the stock, and if so, what was it? A. Why he handed her a letter and told her to take it to Rudolph, and he would fix the stock for her.

"Q. Just tell everything that he said when he came in there, Mrs. Ford. A. Well, now, he came in and handed her these books while Mrs. Eastis and I were there, and also handed her some papers and letter and asked her to take those to Rudolph, that they were the stock book and the account book, and some stock that he wanted Rudolph to change.

"Q. Was anything said about stock there, and if so, what was it? A. Well, he just told her there was stock there, and the letter, and to take it to Rudolph and he would fix it for her, that he wanted her to have the stock."

"The letter referred to in Mrs. Ford's testimony was as follows:

" 'Brighton, Alabama. Oct. 21, 1927.

" 'Dear Mr. Rudolph: I am suffering unspeakable torture, hence cannot write and explain myself or what I wish to say to you very coherently, however, will do my best as briefly as possible.

" 'I am sending you my stock books, and want that you should have transferred to my sister, Mrs. Emma Wachter, all my shares that I hold in both the Davis-Edwards Land Company, as well as all my shares in the Brighton Cemetery Company, Inc. All of these shares have been, I believe, properly endorsed.' "

She was relating a transaction between deceased and defendant. Mr. Rudolph, mentioned in the testimony, was a lawyer and attorney for deceased.

A lady in his office testified that defendant brought the papers to his office and they remained there apparently unopened until after the death of Mr. Rudolph two (to three)

years afterwards. She then went through all his papers, found these, and turned them over to his partner who later gave them to defendant. Nothing was apparently ever done, as directed in the letter to Rudolph.

■ The principles of law are well understood, but we will repeat some of them in order the better to determine whether the evidence presented a jury question. The ownership of corporate stock is usually, and was on this occasion, evidenced by certificates duly executed by the corporation. Their ownership and assignment may all be effective as between the parties without certificates and their transfer. Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A. L. R. 118; Hall & Farley v. Alabama T. & I. Co., 173 Ala. 398, 414, 56 So. 235; Frenkel v. Hudson, 82 Ala. 158, 2 So. 758, 60 Am. Rep. 736; 14 Corpus Juris, 481.

There may be a complete transfer of ownership of stock in a corporation, as between the parties, when its owner intends then and there to make and effect such transfer, and then and there delivers, though without written transfer, the certificates of stock to such transferee as a completed gift or sale as the case may be. McGowin v. Dickson, 182 Ala. 161, 62 So. 685; Thompson v. Hudgins, 116 Ala. 93 (3), 22 So. 632.

■ It is true that to effectuate a gift of personal property the delivery of it must take such form as the nature of the property will allow. Jones v. Weakley, 99 Ala. 441, 12 So. 420, 19 L. R. A. 700, 42 Am. St. Rep. 84. But we think that does not mean that, when the delivery is pursuant to some established rule sufficient to that end, it is not complete because the donor might have done more. To illustrate: When the savings passbook is thus delivered, it is not necessary that he should have also given a check for the amount of the account and sent it with the passbook to the bank and secured the cash and handed that to the donee, though such procedure might have been available. Wheeler v. Glasgow, 97 Ala. 700, 11 So. 758.

■ But there must be a clear surrender of the right and of the dominion in contradistinction to a promise or an intention to surrender. There must be no reservation of any control over the property, and nothing must remain to complete the delivery. Walker v. Crews, 73 Ala. 412; Bates v. Vary, 40 Ala. 421; Phillips v. McGrew, 13 Ala. 255; Hicks v. Meadows, 193 Ala. 246, 69 So. 432; Cannon v. Birmingham T. & S. Co., 194 Ala. 469, 69 So. 934.

If the donor places the subject of the proposed gift in the hands of his own agent with instructions to complete the transfer, until such agent acts upon the instruction the donor may revoke the power and retake the property, for he does not under such circumstanc-

es lose control (28 Corpus Juris, 640, 650, 651), and his death, before the agent makes the delivery, revokes the agency. 28 Corpus Juris, 651.

The mere placing of the manual possession of the instrument in the hands of the other is not an effectual delivery unless it is done with the intention on the part of the owner to divest himself then and there of its ownership. McDonald v. McDonald, 215 Ala. 179, 182, 110 So. 291.

"Parol gifts of personal property are inoperative, until the custody, control, management, and use of the property passes from the donor to the donee, and is possessed by such donee or his agent." Section 6896, Code.

Our cases seem to treat the subject as though the statute effected no substantial change in the law in respect to delivery of personal property to complete a gift.

But we are clear that, if the donor of stock certificates places them in the hands of the donee under such circumstances and with such statements as that the jury is justified fairly to infer that he then and there intended to divest himself of their ownership and invest it instanter in such donee, it is effective as a completed gift, in view of the fact that in that manner it may be completed without anything else, though he also directs that the donee shall carry them to his attorney who is instructed, not to complete what has already been accomplished, but to pursue such course as will evidence the completed transaction, and the fact that those instructions had not been observed will not lessen the effect of what had been complete without a compliance with them.

With respect to the burden of proof, we are primarily concerned with the rule that one claiming as donee must carry that burden by clear and convincing proof, and when the gift is inter vivos, and the donee makes no assertion of ownership until after the death of the donor, the same measure and character of proof is required as when it is causa mortis. Thomas v. Tilley, 147 Ala. 189, 41 So. 854; Wheeler v. Glasgow, 97 Ala. 700, 11 So. 758.

In several of the cases we have cited, the facts were discussed and conclusions drawn, but none of them were sufficiently similar to those of this case to be of material aid. The only question in that respect is whether there is sufficient evidence to justify a fair inference of a completed gift to defendant.

A careful analysis of the evidence in connection with the principles we have mentioned, we think, discloses that the jury could reasonably interpret it to mean that decedent intended by his conduct and statements made before his death to effect a gift then and there

of the stock to defendant when he placed the certificates in her hands, though he desired that his attorney complete the evidence of such transaction which was not necessary to the passing of the title to her. The affirmative charge therefore was properly refused plaintiff.

We do not think there is error shown in the other assignments, including that relating to the motion for new trial, but they are of such nature as do not seem to need discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.