142 So. 413

## WHITMAN v. WHITMAN.

### 6 Div. 158.

Supreme Court of Alabama.
June 2, 1932.

Amzi G. Barber, of Birmingham, for appellant.

A. Leo Oberdorfer, of Birmingham, for appellee.

ANDERSON, C. J.

The answer and cross-bill set up the facts that the insured reserved the right to change the beneficiary; that he gave written notice to each of the insurance companies of his intent and purpose to change the beneficiary to his wife, the appellee; that he delivered the policies to his wife as the new beneficiary; that he, caused a register to be made of his policies and recorded the fact that he had changed the beneficiary in the policies to his wife; that the companies understood and treated the policies as having changed the beneficiary. The appellant insists that this was but a conclusion of the pleader, and that in order for a valid change to have been made the cross-bill should have set out the terms of the policy providing for a change of the beneficiary and the statement of what was done as to changing the beneficiary. In other words, should have set out the provision of the policy providing for a change and set up a compliance therewith.

Where the insured reserves, in the policy, the right at any time and from time to time to change the beneficiary then subject. only to right of the insurer to insist on the provisions of the policy as to manner of ef-

**114**

fecting such change, such change could be effected by parol or written instrument manifesting insured's intent to change the beneficiary. Holt v. Russell (C. C. A.) 30 F.(2d) 597; Arrington v. ,Grand Lodge (C. C. A.) 21 F.(2d) 914; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25, 27. As was said in the last case, supra, quoting from 2 Cooley's Briefs on Insurance, p. 1827: "But, if there is such a limitation [as to method of changing the beneficiary], it is solely for the benefit of the company, and, if it does not take advantage of it, no one else may do so."

██ Our case of McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761, is not opposed to this rule, but expressly recognizes the same. It simply holds, however, that a waiver by the insured of the terms of the change of the beneficiary is not conclusive upon the parties from showing that the beneficiary had or had not been changed, just as we hold here, the method of changing the beneficiary as per the terms and method prescribed by the policy is not the exclusive method of doing so as between the insured and the beneficiaries, and a failure to do so in strict compliance with the policy may be waived by the company. It follows that it was not essential to a valid change of the beneficiary, in the case at bar, to set out that the beneficiary was changed as per the terms of the policy or to set out in the answer and cross-bill so much of the policy as provided for a change of the beneficiary.

The trial court did not err in overruling the appellant's demurrer to the cross-bill, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.