198 So. 132

### PHILLIPS v. PHILLIPS et al.

#### 7 Div. 622.

Supreme Court of Alabama.

Oct. 10, 1940.

Motley & Motley, of Gadsden, for appellant.

Joe F. Duke and Julius S. Swann, both of Gadsden, for appellees.

150

BOULDIN, Justice.

Bill in equity in the nature of interpleader, Code § 10390.

The subject matter of the suit is $1,-250.31, the proceeds of a group policy of life insurance. The bill was filed by a claimant, making the insurer and adverse claimant parties respondent.

The insurer, Metropolitan Life Insurance Company, admitted the sum due on the death of the insured, declined to take sides between the claimants, assumed the position of a stakeholder, prayed leave to deposit the fund in court, and be discharged. It was so ordered.

Maude Phillips, the complainant, then filed her amended bill, setting up her claim to the fund. The insured, by the terms of the policy, reserved the right to change the beneficiary. Complainant claims under this provision.

Mary Phillips, the adverse claimant, filed her answer and cross-bill, claiming as beneficiary named in the policy, and denying there was any change of beneficiary.

The trial court sustained this latter claim.

One question for consideration is whether the evidence for complainant, taken as true, made out a case of change of beneficiary.

The policy contained the usual provisions requiring change of beneficiary to be in writing executed by the insured and presented to the insurer.

This provision, as we have often held, is for the protection of the insurer, may be waived, and is waived, when the insurer, as in this case, raises no question in this regard, takes the position of a stakeholder, leaving the claimants to litigate their claims as between themselves. Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25; Whitman v. Whitman, 225 Ala. 113, 142

So. 413; McDonald et al. v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761.

A life insurance policy held by the insured on his own life, is a chose in action, which like a chattel may be the subject of a gift. When the right to change the beneficiary is reserved, the named beneficiary has no vested right before the death of the insured, and a change of beneficiary, as between claimants, may be made by gift of the policy to another than the named beneficiary, with the intent to presently pass the title to the donee, and make the donee beneficiary of the policy. Such a gift may be made by words and acts without writing. A completed gift must appear in this as in other gifts of chattels. McDonald v. McDonald et al., 215 Ala. 179, 110 So. 291.

Dealing with the sufficiency of complainant's evidence, the following appears:

William Phillips, colored, the insured took out the policy several months before his death, naming Mary Phillips, with whom he was living as his wife, the beneficiary. He became a sick man, was drawing sick benefits. Some nine days before his death, he was removed to the home of his sister, next friend of complainant in this suit. At whose instance he was removed is in dispute.

His sisters, his brother, his in-laws, with much unity of detail, corroborated in part by other evidence, depose to the following facts in substance: On Sunday before the insured died on Thursday Mary came to see him at his sister's residence. While there William, the insured, instructed her to send his policy or policies to him. She sent this policy from their home by a girl who was living with them. When Maude, his youngest sister came in, he handed the policy to her, saying, I want you to have it, to make you my beneficiary, take or send it to the Steel Company, holding the master policy, and have a change of beneficiary made. On the morrow, an older sister and brother did take it to Mr. Durrough, who handled the group insurance. Mr. Durrough advised them he would have to get the personal signature of the insured, that he would call the next day, Tuesday, to get such signature. He did call, but meantime his sisters and brothers had taken him to see a physician in Birmingham. Durrough did not see him and retained the policy until the death of the insured. Several wit-

nesses for complainant depose that William complained at the delay in contacting Mr. Durrough, showing apprehension that it would be delayed until too late, and finally decided to go in person the following Saturday. Meantime, he died.

 This evidence, taken as true, discloses a clear purpose to make a change of beneficiary, a delivery of the policy with that in view. But it further discloses a purpose to accomplish this result in the manner required by the policy, and a belief on the part of the insurer that his signature was essential to accomplish his purpose. In his mind there was still something to be done on his part to make his sister his beneficiary. While this was not necessary as matter of law unless the insurer claimed the benefit of the policy provisions; still a gift is not complete, so long as the donor has not in mind the present passing of title and contemplates further action on his part to complete the transaction.

In such case there remains in the donor an option to decline and never perfect the gift. This, we think, the law of gifts. Collins v. Baxter et al., 231 Ala. 247, 250, 164 So. 61; Davis v. Wachter, 224 Ala. 306, 140 So. 361; McDonald v. McDonald et al. supra.

Dealing with the evidence on behalf of Mary Phillips, the beneficiary named in the policy, suffice to say this is in direct conflict with the version of complainant. She denies any request to send the policy; denies ever sending it; insists it was taken surreptitiously by the sister and brother most active in the case; that she knew nothing of its taking until after William's death. Other witnesses support this version; their evidence tending to show among other things that William, during these days, knew nothing of the movement to change beneficiary, thought the policy still in Mary's keeping and intended it to so remain, to take care of bills, etc. This line of testimony brings an inquiry as to whether the actors ever intended to have Mr. Durrough contact William, rather managed to prevent it.

Without further review, we note the evidence was heard orally before the trial court. This case is peculiarly one in which a strong presumption should be indulged in favor of the conclusion of the judge who saw, heard, and observed the demeanor, interest and bias of the several witnesses.

 The burden of proof was on complainant to show a change of beneficiary by clear and convincing evidence. Collins v. Baxter, supra; Davis v. Wachter, supra.

 In view of this presumption, the decree of the trial court should not be disturbed.

Affirmed.

GARDNER, C.J., and FOSTER, and LIVINGSTON, JJ., concur.