28 So.2d 191

### HUTCHINS v. WHATLEY.

6 Div. 456.

Supreme Court of Alabama.

Dec. 5, 1946.

450

C. W. Gross, of Tuscaloosa, for appellant.

Ross, Ross & Ross, of Bessemer, for appellee.

STAKELY, Justice.

This is a controversy over the proceeds of a policy of life insurance. On June 16, 1944, Liberty National Life Insurance Company of Birmingham, Alabama, issued its policy for $3,000 on the life of Samantha Whatley, payable to her husband Leslie Whatley, as beneficiary. On May 21, 1945, the name of the beneficiary was changed to Florence Hutchins, a sister of the insured, by written endorsement on the policy. The right to change the beneficiary was reserved in the policy. Samantha Whatley died November 3, 1945.

Florence Hutchins filed proof of loss with the company, but the company refused to pay the claim when Leslie Whatley notified the company that he claimed the proceeds of the policy. Thereupon Florence Hutchins filed suit on the policy against the company in the Circuit Court of Jefferson County, Bessemer Division. Thereupon the company paid the proceeds of the policy into court and asked the court to substitute Leslie Whatley in its stead and discharge it of all liability. This was done and the case was tried before a jury to de-

termine who, as between these two claimants, was entitled to the proceeds of the policy. There was verdict and judgment for Leslie Whatley· and hence this appeal by Florence Hutchins.

In view of the assignments of error which are relied on for reversal, to which we shall later refer, we see no reason to set out the evidence except in bare outline. Leslie Whatley and Samantha Whatley were married October 19, 1922, and lived together as man and wife until her death on November 3, 1945. They have no children. There is evidence that the marriage was a happy marriage and there is evidence to the contrary. They operated a store in Bessemer and he also was employed by the Woodward Iron Company for many years. He gave up this job to look after his wife in her last illness. Florence Hutchins came to live with them during her sister's last illness in order to aid in her nursing and care.

Samantha Whatley died of cancer. She became ill about October, 1944. From about January 1, 1945, until her death in order to alleviate her great pain and suffering, she took opiates and narcotics under the direction of her physician. The amounts were considerably increased from time to time as the illness progressed. There is testimony tending to show that she was of unsound mind at the time of the alleged change in the name of the beneficiary on May 21, 1945. It is claimed that this mental condition was the result of the use of opiates and narcotics. On the contrary there is evidence tending to show that on this date she was of sound mind and was able to go in person to the branch office of the company in Bessemer to make the change in the beneficiary.

Mrs. May Horton, who worked around the house from November, 1944, until the death of Samantha Whatley, testified, among other things, that Mrs. Samantha Whatley did not work in the store after April 1, 1945, that the feeling of Mrs. Hutchins toward Mr. Whatley was bad, that she heard a conversation between Mr. Whatley and Mrs. Whatley sometime in June or July 1945, when Mr. Whatley came into her bedroom and Mrs. What- ley told Mr. Whatley to take the insurance papers and put them in a safe place, that Mrs. Hutchins had had her sign some papers uptown, that Mrs. Whatley told him those papers are yours and she wanted him to have the proceeds of them and that Mrs. Whatley delivered those papers to Mr. Whatley at that time by handing them to him and he took them.

■ The court submitted the case to the jury on two issues: (1) The mental condition of Samantha Whatley at the time of the alleged change in the name of the beneficiary as shown by the endorsement on the policy. (2) The alleged change in the beneficiary under the policy by gift from Samantha Whatley to her husband Leslie Whatley. The only questions presented on this appeal, that is by assignment of error and insistence thereon in brief, relate to the respective rulings of the court in refusing to give written charges numbered respectively 6, 8, 11 and 13. Louisville & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001.

■ According to the record, the last word in charge 6, is "insanity." Evidently this word was intended to be "sanity." It is sufficient to point out this mistake in the charge to render it bad. There was no error in refusing charges 8, 11 and 13 because each of these charges pretermits the issue of change in the beneficiary by gift of the policy from Samantha Whatley to her husband. Woodmen of the World Life Ins. Society v. Greathouse, 242 Ala. 529, 7 So.2d 89; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23.

■ Under the evidence, as the court charged, this was an issue for the jury and this issue could not be excluded from the jury as was sought to be done ·by charge 8. This court has held that limitations in the policy as to the method of changing the beneficiary are solely for the benefit of the company. As between claimants as here, the beneficiary may be changed by gift, where the right to change the name of the beneficiary is reserved by the insured. Jennings v. Provident Life & Accident Ins. Co., 246 Ala. 689, 22 So.2d 319; Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25;

Whitman v. Whitman, 225 Ala. 113, 142 So. 413.

We find no error in the record and the judgment of the lower court is due to be affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.