193 So.2d 750

**Barbara N. NORTON**

v.

**Carol Annette NORTON.**

**7 Div. 743.**

Supreme Court of Alabama.

Oct. 20, 1966.

Rehearing Denied Jan. 26, 1967.

Robt. H. King and Inzer, Martin, Suttle & Inzer, Gadsden, for appellant.

Arthur Burns, Gadsden, for appellee.

MERRILL, Justice.

This appeal involves a contest between an insured's first wife and his widow over the proceeds of two insurance policies in both of which the first wife was named beneficiary. The trial court found in favor of the widow and we affirm.

· O. K. Norton had a policy of insurance worth $5,500 with Metropolitan Life Insurance Company by virtue of his employment with Republic Steel Corporation, and one worth $1,921 with Gulf Steel Young Men's Christian Association Mutual Benefit Alliance.

The $5,500 certificate of insurance under the group policy for employees of Republic Steel was issued to Norton in June, 1956, and in September, 1956, Norton changed the beneficiary from his mother to Barbara Norton, his first wife, whom he had married in August, 1956. Later, Norton reported the birth of a child, Cynthia, in July, 1957. (The child became eligible for hospital insurance.) Still later, Norton reported his status as "divorced" by virtue of a decree of the Etowah County Circuit Court on August 10, 1961, but he left his young daughter on the hospital feature of the insurance. In April, 1962, Norton reported that he had married Annette Watson on ·December 15, 1961, and he added two stepchildren as dependents. He never did change the beneficiary of the certificate although W. L. Meadows, the supervisor of the group insurance at Republic Steel, told Norton the procedure to be employed in effecting a change under the life policy.

When Norton died May 18, 1964, both Barbara, the first wife, and Annette, his

widow, made claim to the $5,500 insurance due.

The YMCA Mutual Benefit fund certificate of $1,921 was in effect when Norton died and his first wife Barbara was the designated beneficiary. On May 20, 1964, she personally appeared and asked for the money and it was paid to her. She told W. S. Combs, the general secretary of the Gulf Steel YMCA, that she and Norton were divorced but did not mention that Norton had remarried and had a young baby by the second wife.

The widow filed her bill of complaint against Barbara, the first wife, Metropolitan Insurance Company, Republic Steel Corporation and Gulf Steel YMCA Mutual Benefit Alliance. Metropolitan answered that it was indebted and paid the $5,500 into court. It was discharged by a consent decree. Republic Steel and the YMCA were discharged as parties defendant, leaving the two disputants, the first wife and the widow.

The trial court, after hearing the evidence, held that the insured, during his lifetime, effected by parol a change of the beneficiary of the benefits of both policies from his first wife Barbara to his widow, and ordered Barbara to pay the $1,921 YMCA benefits to the register, and ordered the register to pay *both* sums to the widow or her attorney of record.

Appellant, the first wife, contends that all the evidence of the statements and declarations of the insured as to his beneficiary "constitute nothing but hearsay" and when "all of the hearsay evidence offered by Appellee is disregarded there is no evidence remaining to substantiate the claims asserted by Appellee."

Appellee contends that the evidence is not hearsay and that there is legal evidence to support the final decree awarding the proceeds of the policies to her.

Neither certificate issued to Norton was presented to the insurer. The first wife

testified that when they were getting their divorce, they were sorting out their papers at home and she asked Norton if he wanted the policy and he told her that he wanted her to keep it for their daughter Cynthia; that she was to keep both certificates because if anything happened to him he wanted Cynthia to have the money. Later, she mislaid the certificates and evidently burned or destroyed them by mistake because she could not find them.

Appellant contends in brief that the following testimony is clearly hearsay:

Mr. Hanson testified that he was talking with Norton about his insurance and his wife asked him "Are you sure you made all of the changes in it?" and he said "Yes, I have changed it all over to you." In further discussions about the insurance, he said that Norton stated "Barbara will not receive it."

Mrs. Kathie Riley testified that in a conversation, Norton stated that Barbara would not get the insurance money because he had changed the beneficiary to Annette.

Mrs. Hanson testified that she heard Norton tell Annette that she didn't have anything to worry about, that she would get the insurance.

Mrs. Whorton testified that she heard Norton say that if anything happened to him, Annette would get his insurance.

Mrs. Edgar testified that Norton told her that he had had his steel plant insurance changed to cover Annette.

The witness Lankford said that Norton told him that he had approximately $2,000 YMCA insurance that Annette could get from the steel plant by just going over there and picking it up.

The appellee, Carol Annette Norton, testified that Bill Norton, her husband, told her that he wanted her to have the insurance money, that he wanted her to have the Y insurance and his steel plant insurance and that she would get $7,500 insurance if

anything happened to him. This was all the insurance the husband had.

If this evidence is not admissible, there is no foundation for the finding of the lower court. If our holding in Jennings v. Provident Life & Accident Ins. Co., 246 Ala. 689, 22 So.2d 319, was still the law, the statements would not be admissible because that case held that similar declarations of the insured were "improperly admitted" because they were in violation of Tit. 7, § 433, Code 1940 (the Dead Man's statute). But on second appeal in that case, Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251, a full court said:

"Our holding in regard to the admission of certain of this evidence on the former appeal, however, the court is of the opinion, should be revised. It was there held that due to the proscription of Code 1940, Title 7, § 433, the donee of the policy, Lila, was precluded from testifying as to any statement made by or transaction with the insured regarding its delivery to her because, as construed, the insured's estate was interested in the result of the suit, the rationale being that under the rule that the statute applies to protect those claiming in legal succession to the deceased, the same as the estate of the deceased when the other conditions exist, Safronia, as the designated beneficiary in the policy, stood in such succession and should be considered in the same aspect as a legatee under a will, thereby rendering Lila's testimony on the question incompetent under the statute.

"On further mature consideration, we have reached the view that this interpretation of the statute was laid in error and should be overruled. However the present litigation between these two rival claimants to the proceeds of the insurance policy might eventuate, neither the estate nor any one in legal succession thereto would be in any way concerned or affected by the outcome of the litigation. Both Lila and Safronia claim the proceeds of the policy through transac-

tions between them, respectively, and the decedent, alleged to have occurred in his lifetime and neither his heirs nor distributees nor personal representative are proper parties to or interested in the result of this suit as opposing the interest of Lila, the donee and assignee of the policy."

The court concluded that "the testimony of Lila as to statements of her husband regarding a present gift of the policy to her was not inhibited under the statute (Title 7, § 433, Code 1940) and the rule announced in the first Jennings case on the question considered is thus revised."

Appellant relies on Slaughter v. Slaughter, 186 Ala. 302, 65 So. 348, where a Masonic endowment was paid into court by interpleader where it was claimed by two women, both of whom claimed to be the wife of the insured. In the point in question, the court said that "hearsay statements of the deceased that he told Alford to make the change (of beneficiary) are not competent evidence, and must be rejected." We put the statement in full context by quoting two paragraphs above the statment and one paragraph following it:

"While several of appellant's witnesses testify to statements by the deceased member of his wish to make appellant the beneficiary of this endowment only one witness testifies that he expressed that wish to an officer of the lodge. Accepting as true the testimony of this witness (Luke Pope), it is clear that the deceased member never made such an attempt to change the certificate as would authorize a court of equity to treat the change as accomplished.

"Moreover, Pope's testimony in this regard is radically contradicted by another of appellant's witnesses (O'Reilly), who was present on the occasion specified; and the whole statement is denied by Alford, the Worshipful Master of the local lodge, to whom Pope asserted the deceased had expressed his wish to have the certificate changed.

"Of course hearsay statements of the deceased that he had told Alford to make the change are not competent evidence, and must be rejected.

"On the whole evidence, which is confused and conflicting, we are not reasonably convinced that the deceased requested Alford to make the change, and on either view of the case we cannot ascribe error to the finding and decree of the chancery court."

This shows that the court, in the *Slaughter* case, did consider the statement of the witness Pope that the insured told Alford that he wanted to change the beneficiary. We are not cited in the opinion to the statements designated as hearsay and no assignment of error in the original record sets them out. Also, this court was not convinced of the truth of the claim and, apparently, the trial court there was likewise not convinced. In addition, the case apparently was decided on the failure of the insured to comply with the Society's rules for changing the beneficiary.

In the instant case, the trial court found from the evidence that Norton, the insured, "during his lifetime legally effected by parol a change of beneficiary" as to both certificates. The trial court apparently believed the evidence, while in the *Slaughter* case, the court did not.

■ We are convinced that the testimony labeled as hearsay in this case was admissible under the holding of Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251. We note that the *Slaughter* case, supra, was decided in 1914, and according to Shepard's Citations, it has never been cited in any opinion of this court up to this one.

■■ Appellant also argues that the insured did not comply with the rules of the insurance company and the Gulf Steel YMCA in effecting a change of beneficiary. That contention is answered squarely in Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134·So. 25,

**312**

where it was held that limitations as to changes in beneficiary were solely for the benefit of the insurer and "that a change of beneficiary may be effectual without a notation by the insurer on the policy, though the policy requires that such change be so noted by it, if the insurer waives the requirement, and that an interpleader by it is such a waiver. McDonald v. Mc-Donald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761." This same principle is stated in Phillips v. Phillips, 240 Ala. 148, 198 So. 132, and cases there cited.

Here, the insurer, Metropolitan Life, waived compliance with its rules as to the change of beneficiary by its action of interpleader.

We call attention again that this is not a dispute between claimants and the insurer, but between two claimants, each of whom asserts that she is the proper beneficiary.

Our cases hold that limitations in a policy as to the method of changing the beneficiary are solely for the benefit of the company, and as between claimants, as here, the beneficiary may be changed by gift, where the right to change the name of the beneficiary is reserved by the insured. Hutchins v. Whatley, 248 Ala. 449, 28 So.2d 191; Whitman v. Whitman, 225 Ala. 113, 142 So. 413.

In view of the authorities cited and discussed, it appears that the trial court, from legal evidence, found that Norton, the insured, believed that he had done everything necessary to complete the gift of his insurance to his second wife, that he had completed the transaction, and that he had legally effected by parol a change of beneficiary.

Where evidence is heard orally before the trial court, the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal, unless plainly erroneous, whether in law or equity. And we must affirm the trial court's decree, if fairly supported by credible evidence un-

der any reasonable aspect, regardless of what might be our view of the evidence. Great American Ins. Co. v. Railroad Furniture Salvage of Mobile, Inc., 276 Ala. 394, 162 So.2d 488; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.