459 So.2d 845 (1984)
Vera Long GIBSON, Administratrix of the Estate of Bob Carl Long
v.
Patricia E. HENDERSON.
82-1186.
Supreme Court of Alabama.
September 21, 1984.
Rehearing Denied November 9, 1984.
Michael S. Ballard, Birmingham, for appellant.
Thomas H. Brown and Kaye K. Houser of Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, for appellee.
PER CURIAM.
This case arose from the following facts:
Bob Carl Long, the deceased insured in this case, was a retired employee of the Singer Company. While an employee, he took a $22,000 life insurance policy through that company under a group plan with Metropolitan *846 Life Insurance Company, designating his mother, Eva Louise Long, as the beneficiary.
Eva Louise Long died in March of 1980. Thereafter, on June 15, 1980, Bob Long executed a change of beneficiary form of the kind approved by Metropolitan for such purposes. The form designated Patricia E. Henderson as the beneficiary. Although Long filled in and signed the change of beneficiary form and also had it witnessed by his aunt, the plaintiff Vera Gibson, he neither mailed nor otherwise delivered the form to his employer or the insurance company.
Bob Long died on September 5, 1981, fifteen months after executing the change of beneficiary form. The following day, Patricia Henderson, her nephew Jerry Cornelius, and two cousins of the deceased, James D. Long and Jane Frierson, went through his personal effects, looking for a will. A carbon copy of the change of beneficiary form was found in a drawer in Long's desk at his home. Later, the original was also found in the desk. James Long delivered the form to the plaintiff Vera Gibson. Patricia Henderson subsequently requested and received the form from Gibson and thereafter mailed it to the Singer Company.
Metropolitan delayed payment of the proceeds of the insurance policy because of its inability to determine the proper beneficiary under the contract. Patricia Henderson claimed she was entitled to the proceeds as she was the named beneficiary. Vera Gibson claimed the proceeds under the following language in the policy:
"If any designated Beneficiary shall die before the Employee, the rights and interest of such Beneficiary shall thereupon automatically terminate. If at the death of the Employee, there be no designated Beneficiary as to all or any part of the insurance, then the amount of insurance payable for which there is no designated Beneficiary shall be payable to the estate of the Employee...."
Gibson claimed that because the original beneficiary under the policy had died and the change of beneficiary form had not been delivered to the Singer Company either by Bob Long or by someone else acting under his direction, there was no named beneficiary, and Long's estate was the proper recipient of the policy proceeds.
Vera Gibson filed suit on August 16, 1982, naming Henderson and Metropolitan as defendants, and seeking a declaration that Bob Long's estate was entitled to the insurance proceeds. Henderson filed her answer, with a counterclaim and a cross-claim, on September 15, 1982, asserting that the change of beneficiary form was valid even though it was mailed to the Singer Company after Bob Long's death. Metropolitan filed its answer, with a counterclaim and cross-claim for interpleader, on October 29, 1982, seeking to interplead the insurance proceeds into the court. Metropolitan tendered to the court the sum of $23,754.42, which represented the value of the policy plus interest to that date.
Henderson and Gibson each moved for summary judgment, and Metropolitan moved for its discharge from the case. On August 5, 1983, final judgment was entered in the case. The court found that there was no genuine issue of material fact and that Patricia Henderson was entitled to judgment as a matter of law. The court denied plaintiff Gibson's motion for summary judgment and granted Metropolitan the right to interplead and be discharged. Gibson appealed. We reverse and remand.
Gibson asserts on appeal that the lower court erred in granting Henderson's motion for summary judgment because, based on the undisputed facts in the record, Bob Long had not substantially complied with the policy requirements for changing beneficiaries. This failure to substantially comply, Gibson says, rendered the attempted change of beneficiary ineffective so that Long died with no named beneficiary of his life insurance. Gibson asserts that the policy proceeds rightfully belong to Long's estate and that the grant of summary judgment for Henderson was error.
The issue on this appeal from the summary judgment is whether the evidence *847 adduced in support of Henderson's motion for summary judgment showed conclusively that Bob Long had effected a change of beneficiary of his life insurance policy in favor of Patricia Henderson.
Generally, the designation of the beneficiary of a life insurance policy is governed by the provisions of the policy itself. Williams v. Williams, 438 So.2d 735 (Ala.1983). The policy in this case provides for changes of beneficiary as follows:
"The Employee may change his Beneficiary at any time by filing written notice thereof on such form with the Employer. Consent of the Beneficiary shall not be requisite to any change of beneficiary.... After receipt of such written notice by the Employer, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee is living at the time of such receipt...."
Appellee Henderson argues that when Bob Long filled out the change of beneficiary form, signed it, and had Vera Gibson sign as a witness, he initiated the process of strict policy compliance and that that process became complete when the Singer Company ultimately received the form. Henderson states that even though Long neither mailed nor delivered the form to his former employer, the change was nevertheless effective because the policy provides that when the form is received by the employer, the change will relate back and take effect as of the date of the form's execution, whether or not the insured is still alive at that time. In other words, even though Patricia Henderson mailed the form to the Singer Company after Long's death and fifteen months after the form was executed, she says the change of beneficiary is valid.
Appellant Gibson asserts that under the policy language, the employee himself must give notice of a change of beneficiary by mailing or otherwise delivering the form to his employer, and that the relation back provision applies when the insured puts the form in the mail or otherwise sets in motion the form's delivery to the employer, and subsequently dies before the employer receives the form. She agrees that under the policy language the change was to be effective as of the date the form was executed and not the date of receipt of the form by the employer, but says this was true only when the insured himself had initiated the transit of the form.
There are no Alabama cases exactly on point. However, the treatises are instructive, as are cases from other jurisdictions. In 5 Couch on Insurance 2d, we find the following:
"In most cases in which the conflict is not between the insurer and the claimant but between the original beneficiary and the substituted beneficiary, the application of equitable principles is of paramount importance. The applicable rule is usually stated in the form that on the principle that equity regards as done that which ought to be done the Courts will give effect to the intention of the insured by holding that a change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy."
5 Couch on Insurance 2d § 28:65 (1960).
"The rationale relied on by many of the cases permitting substantial compliance to effect a change of beneficiary, namely, that equity regards as done that which ought to have been done, is avoided by the courts rejecting the substantial compliance doctrine on the basis that the equitable maxim applies only where the party seeking to invoke it has established a clear obligation based upon a valuable consideration that another should do some act which he has failed to perform and does not apply where a change of beneficiary has not been completed according to the provisions of the policy and the beneficiaries contemplated under the incompleted change fall within the class denominated in equity as volunteers.
"....
"In rejecting this doctrine of substantial compliance it is sometimes said that if the insured has not sufficiently complied *848 with the requirements for a change of beneficiary prior to this death, his death serves to vest in the named beneficiary the right to the proceeds of the policy and no act of the insurer or other claimant can prejudice the right, even though the insurer or society could, during deceased's lifetime, have waived compliance with the requirements."
5 Couch on Insurance 2d § 28:68 (1960).
"When the insured has done some acts with the object of changing the beneficiary but these acts fall short of mailing or sending a formal application for change to the insurer, it is generally held that no change of beneficiary is effected, the theory being that in the absence of any excusing circumstances, the insured has not done everything in his power to effect a change."
5 Couch on Insurance 2d § 28:76 (1960).
Another prominent treatise, 2 Appleman Insurance Law & Practice, on the issue of compliance regarding changing the beneficiary, states:
"The general rule is to the effect that the insured must comply substantially with such provisions in order to effect a valid change....
"....
"The result is that the courts state that the methods adopted by the insurer prescribing the manner in which the change shall be made must be followed unless the insured had done everything in his power, in which case such acts will be endorsed by the courts. The courts have felt that the insured having done everything in his power to give effect to such change, they will regard it as a completed act and give effect thereto." (Emphasis added.)
2 Appleman, Insurance Law & Practice § 943 (1966).
We cannot hold that the facts presented on Henderson's motion for summary judgment negate any genuine issue of fact as to whether the insured "ha[d] done all that he could to comply with the provisions of the policy," 5 Couch on Insurance 2d § 28:65, supra, or "ha[d] taken the steps required of him to effect a change of beneficiary." American Life Ins. Co. v. Carlton, 236 Ala. 609, 184 So. 171 (1938). See Rule 56(c), A.R.Civ.P. Here the policy provides that the insured may change his beneficiary at any time "by filing written notice thereof on such form with the Employer." (Emphasis added.)
In this case, the insured was familiar with the insurance industry, having been employed as manager of the insurance and stock department of the Life Insurance Company of Alabama from 1961 to 1968, and as the Birmingham agency manager of the Piedmont Southern Insurance Company from 1968 to 1971. The evidence does not establish why he left the change of beneficiary form in his desk drawer for fifteen months after it was signed. The appellee's statement that he forgot to mail it is an unsupported conclusion on her part. It is equally logical to conclude that he decided not to change his beneficiary. Put simply, the facts presented on the motion for summary judgment do not show conclusively that Long had done all in his power, or taken every reasonable step, to comply with the policy provision. Since the facts shown by Henderson, even if undisputed, would not have entitled her to a judgment as a matter of law, the summary judgment in her favor was improper. Rule 56(c), A.R.Civ.P.
Cases from other jurisdictions support this conclusion: Magruder v. Northwestern Mutual Life Ins. Co., 512 F.2d 507, 509 (6th Cir.1975), quoting Republican Nat'l Life Ins. Co. v. Sackmann, 324 F.2d 756, 758 (6th Cir.1963), states that
"the beneficiary in an insurance policy may be effectively changed if insured substantially complies with the provisions of the policy for such a change of beneficiary. The test of substantial compliance is whether insured has done everything that he could do to make the change."
Manhattan Life Ins. Co. v. Barnes, 462 F.2d 629, 633 (9th Cir.1972), states that the *849 insured must make "every reasonable effort to change the beneficiary."
Witt v. Citizens Nat'l Bank, Waco, 440 S.W.2d 112, 114 (Tex.Civ.App.1969), states: "Substantial compliance with the method of changing beneficiary provided in the policy means insured `has done all that he could reasonably have done' to effect the change."
United Services Life Ins. Co. v. Moss, 303 F.Supp. 72, 75 (1969), says:
"As to the law, there has been no Virginia case in point but the court believes Virginia would follow the great weight of authority in holding that: `* * * it must appear (1) that the insured had determined to change the beneficiary and (2) that he had done everything to the best of his ability to effect the change.'"
The burden was on the appellee to show "excusing circumstances," 5 Couch on Insurance 2d § 28:76 (1960), for not sending the application for change to the insurer, and on her motion for summary judgment she did not meet this burden. Finally, we think the rule stated in John Hancock Mutual Life Ins. Co. v. Dutton, 585 F.2d 1289, 1296 (5th Cir.1978), is the better view:
"Both policies clearly require more than a completion and signature of the forms to effect a change of beneficiary; the policies require that the insured actually file the forms before the change is effective. Here the forms were not filed by the insured nor by anyone acting under his direction; rather, they were filed by someone who discovered them in Mr. Sheley's desk drawer after his death. Thus, the requirements of the policy for a change of beneficiary were not met."
The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and JONES, EMBRY and ADAMS, JJ., dissent.
ADAMS, Justice (dissenting).
I dissent.
The provisions in an insurance policy which prescribe the requirements for changing the beneficiary of the policy are for the sole benefit and protection of the insurance company. If the insurer does not take advantage of the requirements for such a change, neither can anyone else. Whitman v. Whitman, 225 Ala. 113, 142 So. 413 (1932). Therefore, when the insurer interpleads the proceeds of a life insurance policy and chooses not to take sides between claimants, the insurer waives strict compliance with policy requirements by the insured. McDonald v. McDonald, 212 Ala. 137, 102 So. 38 (1924).
In Whitman v. Whitman, supra, this Court stated the following:
"[T]he method of changing the beneficiary as per the terms and method prescribed by the policy is not the exclusive method of doing so as between the insured and the beneficiaries, and a failure to do so in strict compliance with the policy may be waived by the company. It follows that it was not essential to a valid change of the beneficiary, in the case at bar, to set out that the beneficiary was changed as per the terms of the policy...."
225 Ala. at 114, 142 So. at 413-14. The Court affirmed the overruling of a demurrer after concluding that an answer and cross-bill asserting a change of beneficiary did not have to set out the policy provisions required for the change and did not have to aver that those requirements were met.
In Phillips v. Phillips, 240 Ala. 148, 198 So. 132 (1940), the Court affirmed the trial court's finding in a case tried ore tenus that no change of beneficiary had been made, but nevertheless recognized that a change could transpire by a gift of the policy without compliance with the policy requirements:
The policy contained the usual provisions requiring change of beneficiary to *850 be in writing executed by the insured and presented to the insurer.
This provision, as we have often held, is for the protection of the insurer, may be waived, and is waived, when the insurer, as in this case, raises no question in this regard, takes the position of a stakeholder, leaving the claimants to litigate their claims as between themselves.
240 Ala. at 150, 198 So. at 133. (Citations omitted.)
In this case, Metropolitan Life Insurance Company interpleaded the proceeds of the policy in dispute, thereby waiving any requirement that Bob Long strictly comply with the insurance policy prerequisites for changing the beneficiary. Since Metropolitan did not demand strict compliance, neither can appellant Gibson. Therefore, although it may be relevant, a determination of whether Bob Long complied with his policy requirements for changing his beneficiary is not crucial to the outcome of this case.
As recognized in the majority opinion, in a case such as this one "the application of equitable principles is of paramount importance." 5 Couch on Insurance 2d § 28:65 (1960). The courts are to do equity in these cases and are not bound by the terms in the insurance policy. In McDonald v. McDonald, supra, the Court said this:
We can see no sufficient reason why the court should not render its judgment according to equity; that is, by assuming that to have been done which on the facts before us ought to have been done during the lifetime of the insured, or by giving effect to those more general principles of equity which obtain in both courts alike.
212 Ala. at 143, 102 So. at 43. (Emphasis added.) In that case, the insured notified the insurer of the desired change of beneficiary, but the substitution was not actually accomplished as required by the policy terms, which required a notation on the policy itself. The Court concluded that
... the policy was not the contract, it was merely evidence of the contract between the parties, which, by mutual consent, might afterwards be changed without changing the paper, and as to which the parties were bound by the implications of their acts. The insured made an effort to have his contract changed in favor of appellants, which the company, for its part, now says may be accepted by the court as made in perfect compliance with the requirements of the policy.
212 Ala. at 141-142, 102 So. at 41.
In Norton v. Norton, 280 Ala. 307, 193 So.2d 750 (1967), the Court affirmed the trial court's finding that the insured had effected a change of beneficiary by parol. There was no evidence of the alleged change of beneficiary other than testimony by several witnesses to declarations by the insured that his second wife was the substituted beneficiary of his policy. This is in accord with Whitman v. Whitman, supra, in which this court stated that a change of beneficiary "could be effected by parol or written instrument manifesting insured's intent to change the beneficiary." Whitman, 225 Ala. at 114, 142 So. at 413.
In the present case, the evidence indicates that Bob Long made an effort to have his beneficiary changed. Metropolitan accepted that method of change by interpleading the policy proceeds. The trial court applied equitable principles to the facts of the case and held that a valid change of beneficiary had in fact occurred. Although this case was decided on a motion for summary judgment, the parties stipulated to the facts and there was no indication that any other evidence would be presented if a hearing was held. The determination in this respect was a judgment on the merits. I would affirm the trial court's conclusion that a change of beneficiary was accomplished.
TORBERT, C.J., and JONES and EMBRY, JJ., concur.