ADAMS, Justice
(concurring specially).
I, of course, must concur. I dissented in Gibson v. Henderson, 459 So.2d 845 (Ala: 1984). In that case, the majority decided that even though the insurance company interpleaded the proceeds of the policy, thereby waiving strict compliance with the terms of the policy, nevertheless, the insured must have done all within his power to comply with the terms of the policy. Although the insured completed the company’s change of beneficiary form, he did not mail it. It was only mailed by his alleged beneficiary after his death.
In ruling as it did in Gibson, supra, this Court ignored its own decision in Whitman v. Whitman, 225 Ala. 113, 142 So. 413 (1932), holding that when the insurer inter-pleads the proceeds of a life insurance policy and chooses not to take sides between claimants, the insurer waives strict compliance with the policy requirements by the insured. Thus, the trial court, under Whitman, is free to determine the beneficiary, based on a determination of the intention of the insured. In Gibson, the trial court made this determination, but this Court reversed.
The instant case is remarkably similar to Gibson. Here, the insurance company in-terpleaded the proceeds of the policy and the trial court found that the insured first made his beneficiary his live-in girlfriend, *378 following the procedure outlined in the policy, then changed it by parol to his wife, then changed it back by parol to his live-in girlfriend. In the instant case, we hold that he can do so. This is perfectly consistent with our previous case law, Norton v. Norton, 280 Ala. 307, 193 So.2d 750 (1967), Phillips v. Phillips, 240 Ala. 148, 198 So. 132 (1940). But if we had continued to follow the rationale in Gibson, we would have had to hold that the insured had not changed his beneficiary as found by the trial court, because he had not done all in his power to comply with the terms of the policy, either when he purportedly changed the beneficiary to his wife, or back to his live-in girlfriend. This is true, because in each instance he could have, but failed to make the change on forms of the company.
In the case sub judice, we affirm the ■judgment of the trial judge, as we should have in Gibson. I am happy that we have once again embraced our old decisions.