## CENTRAL NATIONAL BANK v GREAT LAKES DISTILLERIES, Inc

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16905. Decided Jan 20, 1939

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, and K. J. Ertle, Cleveland, for appellee.

H. E. Elliott, Cleveland, and Boyd, Brooks & Wickham, Cleveland, for appellant.

(Judges of the Ninth District, sitting by designation in place of Judges of the Eighth District.)

### OPINION

By STEVENS, PJ.

This cause is before this court as an ap-

peal upon questions of law and fact.

The petition filed in the Court of Common Pleas by the Central National Bank, as trustee of an issue of bonds secured by a mortgage upon certain property, sought the foreclosure of said mortgage, and a determination of the priorities of the several liens upon the premises. The transcript of the evidence upon which the case was heard in this court, supplemented by depositions taken, reveal the following situation:

On June 1, 1930, the Schwenger-Klein Company excuted and delivered to Central United National Bank (now Central National Bank), as trustee, its deed of trust to secure payment of an issue of bonds in the sum of $100,000, which bonds bore interest at the rate of 7% per annum, payable semi-annually. Ten thousand dollars of the face amount of the bonds were retired, and the interest due prior to November, 1932, and one-half of the interest due November 1, 1932, was paid. No payments of principal or interest were thereafter made, and taxes upon the premises have been in default since 1932.

In the fall of 1932, the Schwenger-Klein Company went into bankruptcy, and the title to the premises described in the deed of trust came, through mesne conveyances, into Great Lakes Distilleries, Inc.

Through a proposal to substitute stock in a corporation, thereafter to be organized, for the outstanding bonds secured by the mortgage hereinbefore referred to, $80,400 face value of said mortgage bonds came into the possession of Great Lakes Distilleries, Inc. Thereafter, efforts were made by Great Lakes Distilleries, Inc., to mortgage said real estate, and, after numerous unsuccessful attempts, an arrangement was consummated with the Cuyahoga Finance Co., whereby the Cuyahoga Finance Co. acquired possession of the $80,400 in bonds theretofore held by Great Lakes Distilleries, Inc., together with $9,600 of said bonds registered in the names of persons other than Great Lakes Distilleries, Inc.

The arrangement under which the Cuyahoga Finance Co. acquired possession of said bonds was evidenced by an agreement in writing, purporting to be an agreement of sale by Great Lakes Distilleries, Inc., of said $90,000 in bonds, for a consideration of $17,920; which sum, less discount, was paid to Great Lakes Distilleries, Inc., by Cuyahoga Finance Co. That agreement further provided for a right in Great Lakes Distilleries, Inc., to repurchase the bonds upon repayment of the consideration hereinbefore mentioned, which sum was payable in installments extending over a period of 180 days. Notification in writing was given to the plaintiff-trustee of the sale of the bonds by Great Lakes Distilleries, Inc., to the Cuyahoga Finance Co., but the bonds were not transferred by the trustee upon its bond registry, for the reason that no power of attorney accompanied the notification.

Default was made by Great Lakes Distilleries, Inc., in the payment of said sum owing to Cuyahoga Finance Co., and no effort was made by it to repurchase said bonds. Thereafter, negotiations were entered into between Great Lakes Distilleries, Inc., and Santay Liqueurs, Inc., which resulted in the acquisition by Great Lakes Distilleries, Inc., of all of the capital stock of Santay Liqueurs, Inc., for a consideration of $10,000, evidenced by the distilleries company's note for that amount. Said note for $10,000 was secured by the assignment from Great Lakes Distilleries, Inc., of a new option to repurchase said $90,000 in first mortgage bonds from Cuyahoga Finance Co. (which said option was procured some six months after the expiration of the first option, and was expressly assignable)—said assignment running to Messrs. Weaver, Luebbert and Henry, the owners of all of the stock in Santay Liqueurs, Inc.

That transaction was evidenced by a written agreement, which, in part, provided as follows (plaintiff's exhibit I):

"That the first parties (Robert A. Weaver, Henry C. Luebbert and James D. Henry) hereby sell and the second party (Great Lakes Distilleries, Inc.) hereby agrees to buy all of the said outstanding stock of the Santay Liqueurs, Inc., and to pay therefor the sum of ten thousand dollars ($10,000) by the giving of a promissory note of the second party to the first parties dated June 9th, 1936, in said amount payable on December 9, 1936, without interest.

"The second party further agrees to give as security for payment of said note an assignment of all of its right and title to and interest in an option which it holds from the Cuyahoga Finance Co. to repurchase all of the outstanding bonds issued by the Schwenger-Klein, Inc., on the properties located at 5201 Denison avenue, Cleveland, Ohio, which were issued June 1, 1930; that in the event of a default in the payment of the ten thousand dollar ($10,000) note, or at any time preceding the date of November 2, 1936, the first parties shall have the right to exercise the said option and to repurchase the said bonds. Upon the fail-

ure of the second party to pay the note as aforesaid, and in the event of the first parties having exercised the said option, the said equity in the said bonds shall be considered as the payment in full of the note as aforesaid." (Emphasis ours.)

When the option to repurchase said bonds matured, Great Lakes Distilleries, Inc., did not exercise the option. Whereupon Messrs. Weaver, Luebbert and Henry exercised the option by paying to Cuyahoga Finance Co., the amount due thereon—namely, $23,000; and said bonds were then transferred from Cuyahoga Finance Co. to Messrs. Weaver, Luebbert and Henry, who thereupon caused said bonds to be registered in their names as the owners thereof.

When the $10,000 note to Messrs. Weaver, Luebbert and Henry matured, demand for payment of said sum, together with the $23,000 and interest paid by them to the Cuyahoga Finance Co., was made upon the distilleries company, which demand was refused; whereupon Messrs. Weaver, Luebbert and Henry forwarded to the distilleries company the $10,000 note, duly cancelled.

Demand was then made upon the trustee, by reason of default in the payment of taxes and principal and interest payments specified to be made under the provisions of said bonds, for foreclosure proceedings to be instituted.

The instant suit resulted from that demand.

After the petition had been filed in the Common Pleas Court, answers were filed by the Great Lakes Distilleries, Inc., wherein it was alleged that, by reason of a community of ownership of the title to said premises, and the bonds secured by the mortgage upon the premises sought to be foreclosed, the mortgage was merged in the title, and that the bonds, in contemplation of law, ceased to exist.

Those allegations were stricken from the answer by order of the trial court, and the cause proceeded to trial and resulted in a decree of foreclosure.

Appeal upon questions of law was taken to the Court of Appeals, but no supersedeas bond was filed.

In the meantime, and before said cause was heard in the Court of Appeals, the sheriff proceeded to a sale of the premises, in compliance with the decree of foreclosure. The premises were sold, and were bid in by the plaintiff, who thereupon paid a sufficient amount to the sheriff to satisfy taxes and costs, and executed a receipt to the sheriff for the balance of the purchase price.

The appeal then came on to be heard in the Court of Appeals, and that court reversed the judgment of the Court of Common Pleas, but expressly affirmed the rulings of the court with reference to the orders on the motions to strike from the answers of the defendant Great Lakes Distilleries, Inc., and further ordered that said cause be remanded to the Court of Common Pleas for trial upon the general denial contained in said defendant's answer.

Thereafter, a motion was filed by Great Lakes Distilleries, Inc., to vacate the decree and all proceedings had thereunder; whereupon, the plaintiff filed a motion to strike said motion to vacate, which motion to strike was sustained by the trial court, and the motion to vacate the decree and all proceedings had thereunder, was stricken from the files.

A second amended answer of Great Lakes Distilleries, Inc., which had theretofore been filed, was also ordered stricken from the files upon motion of the plaintiff. Whereupon defendant Great Lakes Distilleries, Inc., applied for leave to file a third amended answer and cross-petition, which application was denied as being contrary to the mandate of the Court of Appeals.

Said foreclosure action again came on to be heard, and, upon hearing, the court again entered a decree of foreclosure. Whereupon, the present appeal to this court upon questions of law and fact was perfected.

After the appeal was filed in this court, application was made by the distilleries company for leave to file a third amended answer and cross-petition in this court, which application was granted.

It is claimed by the appellant that the provision contained in the contract between the Great Lakes Distilleries, Inc., and Messrs. Weaver, Luebbert and Henry, as follows: "Upon the failure of the second party to pay the note as aforesaid, and in the event of the first parties having exercised the said option, the said equity in the said bonds shall be considered as the payment in full of the note as aforesaid," was a provision for forfeiture of the distilleries company's equity of redemption in the bonds claimed to have been pledged, in the event the debt secured by said bonds was not paid at its maturity. This provision is described by counsel for the distilleries company as a classic example of a void and unenforceable contract against public policy.

Numerous authorities are cited, which, it is claimed, substantiate the contention of

counsel in this respect. We are, however, unable to agree with that contention of counsel; it seems to us, after a careful examination of the contract and of the authorities cited, that the provision claimed to be a forfeiture provision is one which, contrary to the claim of counsel, did not provide for a forfeiture, but merely provided that in the event the distilleries company failed to pay the $10,000 note when due, and in the event Messrs. Weaver, Luebbert and Henry exercised the option to purchase said bonds in conformity to the provision of the option which was assigned to them as security for the payment of said $10,000 note, then and in that event the equity in the bonds over and above the amount necessary to repossess the bonds should be considered as $10,000, the sum necessary to liquidate the $10,000 note. We are therefore of the opinion that said provision is not a provision for forfeiture, but merely an agreement between the parties as to a purchase price which should be paid for said bonds by Messrs. Weaver, Luebbert and Henry, in the event the distilleries company failed to exercise its option to repurchase the bonds.

We find that such agreement was entered into by the distilleries company knowingly, freely and intentionally, and that, when considered in the light of all of the circumstances shown by the record, the same was not an unconscionable agreement.

If we are right in that conclusion, it necessarily follows that Messrs. Weaver, Luebbert and Henry were the owners of said bonds in this entirety, and, as such owners, had the right to demand of the trustee the institution of a foreclosure of the mortgage securing the bonds. However, should we be in error in that conclusion we are of the opinion that Messrs. Weaver, Luebbert and Henry, as pledgees, if they were such, had a right to demand the institution of the foreclosure action by the trustee, because the se-

**Headnote 3.** curities pledged were in the nature of choses in action. Missouri State Life Ins. Co. v Robertson Banking Co., 134 So. 25.

It is further claimed in the cross-petition filed in this court that the distilleries company is entitled to an accounting of the proceeds arising from the sale of the property made under the first foreclosure decree, and the order of sale issued thereon.

We are of the opinion that §11702, GC, has no application whatsoever to the plain-

tiff as purchaser of the property upon the sale thereof by the sheriff, because the plaintiff does not stand in the position of a stranger who has purchased the property from the sheriff.

**Hubbell v Admrs, etc, of Broadwell, 8 Oh 120.**

**McBain v McBain, 15 Oh St, 337.**

**Insurance Co. v Sampson, 38 Oh St 672.**

That statutory provision is not effective under the facts in this case to preclude a reversal of the judgment entered in the trial court from operating to set aside, vacate and nullify everything done under and in pursuance of said judgment; we therefore conclude that the sale made under the first decree of foreclosure was vacated when the judgment, upon the authority of which the sale was made, was reversed by the Court of Appeals, which judgment of the Court of Appeals was not thereafter reversed or modified by the Supreme Court.

Such being true, the fund from which the defendant seeks an accounting ceased to exist in contemplation of law, and there is now no fund which could furnish the basis for an accounting.

We therefore resolve the claim made in the cross-petition of the distilleries company against the defendant distilleries company.

A decree may be prepared, as was prepared in the Common Pleas Court upon the second trial of this case; which decree shall also incorporate therein a provision formally setting aside the sale made under the first decree of foreclosure, and remanding this cause to the Common Pleas Court for further proceedings upon the judgment herein entered, in conformity to law.

WASHBURN, J., and DOYLE, J, concur.