186 So.2d 114

Fred BASENBURG

v.

Louise RICHTER, Admr'x.

6 Div. 240.

Supreme Court of Alabama.

April 28, 1966.

Bland & Bland, Cullman, for appellant.

St. John & St. John, Cullman, for appellee.

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Cullman County, in Equity, which contains an accurate statement of the case, the governing principles of law, the facts as found by the court and the court's conclusion.

The decree reads as follows:

## "FINAL DECREE

"This cause coming to be heard is submitted for final decree the same having been heard before the court ore tenus.

"The action is brought by the administratrix of the estate of Frank Schwan, deceased, setting forth that her intestate immediately before his death, withdrew the sum of Five Thousand Dollars ($5,000.00) from the Cullman Savings and Loan Association and entrusted the same to his niece, the respondent, Eleanor B. Hamrick, for the purpose of investing the same in bonds and to hold said bonds for safekeeping as bailee or agent or trustee of the same for the said intestate, and that said respondent did accept the trust and was holding same to his account at the time of his death.

"The bill further alleges that subsequent to the death of Frank Schwan the respondent Fred Basenburg, who is the father of the respondent, Eleanor B. Hamrick and brother in law of the deceased, made claim to the bonds under an alleged gift inter vivos from the deceased and has failed to account to the complainant as administratrix for the same.

"The respondents defend by asserting such a gift inter vivos in favor of the respondent Fred Basenburg and make claim to the bonds on said basis.

"Complainant attacks the validity of such alleged gift and thus the issues are presented.

"This Court recognizes that the burden of establishing a gift inter vivos is on the donee and this burden must be discharged only by clear and convincing proof that the subject of the gift had passed to him by a valid and effective gift.

"Further, that when the claim of gift has not been asserted until after the death of the donor, the evidence in support thereof must be as clear, strong and convincing as a gift causa mortis. In this connection, it has been asserted by our Court that the burden is on the donee to establish the fact of gift by clear and convincing proof and if an impartial mind is left in doubt or uncertainty as to what the status of transaction was, the donee has failed to discharge the burden imposed on him and the gift will fall.

De Mouy v. Jepson, [255 Ala. 337] 51 So.2d 506.

"The Court now comes to the consideration of the evidence, in the light of these principles of law in an effort to ascertain if the burden of proof has been met and such a gift as claimed is legally established.

"It appears from the evidence adduced before the Court that the setting of this entire transaction was the home of the respondent, Fred Basenburg and there were present, the respondent Fred Basenburg, brother-in-law of the deceased, Eleanor B. Hamrick, his daughter and niece of the deceased, her husband and Mrs. Basenburg, wife of Fred and sister of the deceased, and the deceased himself.

"Complainant's intestate was unmarried and lived with another sister, but went fishing with his brother in law, Fred Basenburg. Other than this relationship, there seemed to be no other extraordinary ties.

"The respondent Eleanor B. Hamrick and her husband were members of a church in Huntsville, where they reside and engaged themselves in selling bonds issued by such church which bonds were of the coupon type bearing six percent (6%) annually, the coupons maturing semiannually.

"Frank Schwan's money was invested in the Cullman Savings and Loan Association where the return of his investment was considerably less than that which the church bonds yield.

"The bonds were sold to the deceased by the respondent, Eleanor B. Hamrick and her husband under the usual pressure of salesmanship, pointing out the good points and higher yield on the investment as compared with his then current investment. They disclaimed any knowledge during this period of selling of any intention on the part of the deceased to make a gift of the money or bonds to Fred Basenburg. The transaction of delivery was carried out by their taking a receipt from the deceased and there is no evidence, up to and until after this action, of any intention on the part of the deceased to make a gift of the bonds.

"At this state of the evidence, it would seem that the transaction was an ordinary sale of securities to a purchaser with a desire to increase the yield of his investment.

"The evidence of the alleged gift consists of the statement of these same witnesses, the daughter and son in law of the alleged donee, who stated the deceased handed the bonds to his brother in law on the same occasion of his receipting for the bonds and saying: 'They are yours, you know how to take care of them.'

"The daughter, Mrs. Hamrick, had a lock box in which they kept things for her father. He turned the bonds over to her for safekeeping. The deceased refused to sign any writing evidencing a gift. The daughter requested him to do this. All of this took place in the home of the deceased's brother in law, Fred Basenburg, surrounded by no one but his immediate family, all of whom, but the wife had participated in the purchase and sale of the bonds and the alleged delivery to Fred Basenburg, and possession of the same.

"Following this complainant's intestate died at which time no disclosure of any gift had been made and following the funeral, a family gathering took place, at which Fred Basenburg was present, and the matter of the whereabouts of the money or bonds was discussed at length and Fred Basenburg failed to disclose any claim of gift at that time, and following this evidenced doubt or skepticism about the validity of any claim of gift by consulting a lawyer about his status under such described circumstances. To this Court's thinking, he had

doubt in his own mind, whether to make a claim to the bonds.

"Does this nature of evidence meet the required test of carrying the burden to establish a gift by clear and convincing evidence and can this Court with good conscience say that it is left without doubt as to exactly what the status of the transaction was.

"For aught that has been said, this Court cannot in the face of the matter being unnatural, unusual and the deceased's statement: 'You will know how to take care of them' say the claim of gift has been established beyond doubt or uncertainty as to exactly what the status of the transaction was, in which case the gift must fall.

"It is the opinion of this Court that the respondents have failed to meet the burden of proof required to establish the gift.

"It is Therefore Ordered, Adjudged and Decreed that the bonds in question be delivered to the complainant as Administratrix of the Estate of Frank Schwan deceased, for further administration and that the complainant have judgment against the respondent Fred Basenburg for the amount of coupons collected by him from said bonds in the sum of Six Hundred Dollars ($600.00) for which let execution issue.

"Done this the 21st day of June, 1965.

s/ K. J. Griffith,

Circuit Judge Sitting in Equity"

We adopt the decree of the trial court as the opinion of this court, with the following additional observations.

■ As pointed out in the trial court's decree, the burden was on the donee, the appellant Basenburg, to establish the fact of a gift by clear and convincing proof and if the impartial mind is left in doubt or uncertainty as to exactly what the status of the transaction was, the donee fails to discharge the burden imposed and the claim of gift will fail. DeMouy v. Jepson, 255 Ala. 337, 51 So.2d 506, and cases cited; Vinson v. Vinson, 262 Ala. 388, 79 So.2d 31; Van v. Parker, 266 Ala. 190, 94 So.2d 752.

The case of Bolte v. Schmale, 258 Ala. 373, 62 So.2d 797, relied upon by appellants, did not involve a claim of a gift *inter vivos*.

■ The question before the trial court was one of fact as to whether there was a gift. The witnesses were examined in the presence of the court and the court concluded that the donee failed to meet the burden which was upon him to establish the fact of gift by clear and convincing proof. The rule is well settled that a trial court's finding in an equity case upon oral testimony has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Barry v. Thomas, 273 Ala. 527, 142 So.2d 918, and cases cited. We cannot say that the trial court's findings in this case are plainly and palpably wrong. In fact, we would reach the same result absent any presumption.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.