224 So.2d 606

Robert C. GARRISON, as Administrator, etc.

v.

Claude H. GRAYSON, and Grayson Lumber Company, Inc., a Corporation.

6 Div. 562.

Supreme Court of Alabama.

May 29, 1969.

Rehearing Denied July 3, 1969.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellees.

BLOODWORTH, Justice.

This appeal is from a decree of the circuit court of Jefferson County, in equity, denying to complainant, Robert C. Garri-

son, as Administrator of the estate of Brittain Claude Dix, a deceased minor (appellant), discovery, a declaration as to the ownership of certain debenture bonds and other funds, an accounting, and incidental relief. The purpose of the bill was to ascertain and recover any assets of the estate of complainant Garrison's minor intestate, which the respondents Claude H. Grayson and Grayson Lumber Company, Inc., had in their possession or under their control.

■ The cause was heard orally by the trial court (including testimony by respondent Grayson) and was submitted upon the testimony taken orally, exhibits offered by each party, and the deposition of respondent Grayson. Thus, in considering the issues raised by this appeal we are guided by the well established principle that where evidence is heard orally by the trial court (partly or entirely), its findings have the effect of a jury verdict and will not be disturbed unless plainly and palpably erroneous and contrary to the great weight of the evidence. Kendall v. Kendall, 268 Ala. 383, 106 So.2d 653; Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609.

The trial court denied all relief sought by complainant and made certain specific findings relative to the disposition of the issues. The court found that neither of the respondents had in his possession or under his control any assets belonging to the estate of the minor intestate Brittain Claude Dix; that there was no consummated gift of debenture bonds to Brittain Claude Dix in his lifetime since there was a failure to deliver the bonds; that the evidence failed to justify any exception to the rule requiring a delivery of the debenture bonds, the subject matter of alleged gifts from the respondent Claude H. Grayson to the deceased minor; that the instruments offered in evidence by the complainant as evidencing gifts did not suffice to dispense with physical delivery of the debentures; that complainant was not entitled to an accounting from either of the respondents; and that certain funds held by Grayson Lumber Company were not assets of the estate of Brittain Claude Dix, deceased.

There are thirteen assignments of error. We will treat them in the order in which they appear in brief.

Complainant's assignment of error 1 attacks the trial court's finding that neither of the respondents has any assets belonging to the estate of Brittain Claude Dix, deceased, in their possession or under their control. Complainant contends that the debentures, having a face value of $39,000, were gifts to his minor intestate during his lifetime, and that delivery thereof is evidenced by a series of letters written by respondent Grayson. He further contends that there were certain interest payments upon the debentures made to the deceased intestate, which were loaned to Grayson Lumber Company during the intestate's lifetime, the amount thereof being approximately $18,000.

■ It has long been a rule in this jurisdiction that there are three distinct requirements which must be met in order for one to convey a valid inter vivos gift. These are: An *intention* to give and surrender title to, and dominion over, the property; *delivery* of the property to the donee; and *acceptance* by the donee. Vinson v. Vinson, 262 Ala. 388, 79 So.2d 31; Hudgens v. Tillman, 227 Ala. 672, 151 So. 863.

■ The existence of an intention to give is to be determined from a consideration of the conduct and declarations of the alleged donor and the relationship and circumstances of the parties. Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251; Bowline v. Cox, 248 Ala. 55, 26 So.2d 574. In effect, complainant says that from an examination of the circumstances and relationship of the alleged donor and donee, there is clear and convincing evidence of

an intention of the respondent Grayson to give the subject debentures to Brittain Claude Dix.

▮ We believe that there is sufficient evidence to support a finding that Grayson *intended* to make the gifts. In addition, since there appears to be no evidence which negates acceptance of a beneficial gift, if indeed there was one, we will presume *acceptance*.

▮ We are now confronted with the crux of this case. That is, whether there was a valid *delivery* of the bonds to the donee or to some person for the benefit of the donee.

The respondents take the position that the debentures of Grayson Lumber Company and other funds claimed by complainant never actually became the property of Brittain Claude Dix, because the gift of these debentures and other assets was never consummated by delivery. Thus, while there may have been an intention to give, if there is a failure of delivery there can be no valid inter vivos gift.

Complainant concedes that every valid gift of personal property requires a delivery. However, he argues that not every valid gift requires an actual *physical delivery* of the gift. Among cases to which we are cited is DeMouy v. Jepson, 255 Ala. 337, 51 So.2d 506, in support of the proposition that a gift of personal property which is evidenced by a writing or written instrument may be consummated by delivery of the writing or written instrument to the donee without delivery of the property itself.

In DeMouy v. Jepson, supra, Mrs. De-Mouy contended that by the terms of a written memorandum certain articles of personal property were inter vivos gifts to her from the alleged donor. We agreed with the trial court's finding that the memorandum was testamentary in character and was void as not having been ex-ecuted in the manner prescribed by law. We stated:

"* * * that where the personal property is not susceptible of manual delivery, symbolic or constructive delivery is sufficient to constitute an enforceable gift and under circumstances where a gift is evidenced by writing executed by the donor, the delivery of the writing is held to be sufficient delivery to support the gift. * * *"

In First National Bank of Birmingham v. Hammel, 252 Ala. 624, 42 So.2d 459, it is stated:

"* * * at common law in a case of a gift inter vivos or of a gift causa mortis of personal property capable of manual delivery, an actual delivery of the property is necessary to consummate the gift. But the rule has been relaxed as to personal property not capable of manual delivery. In such a case a symbolic delivery is held sufficient to constitute an enforceable gift. * * *"

The question then is, Whether the debentures were capable of being manually delivered to the donee? On the basis of the evidence contained in the record, we are of the opinion that anything less than an actual physical delivery of the debentures does not comport with the *delivery* required for a valid inter vivos gift.

In the instant case, there is evidence tending to show that Grayson intended to make a gift of certain debentures to his now deceased grandson. However, there is no evidence to show that he ever surrendered title to, dominion or control over, the property in question. Nor is there any evidence to show that the subject property was of such a nature as to not be capable of manual delivery. In fact, the bonds in question were bonds made payable to bearer and thus are clearly capable of being physically delivered.

▮ The rule is that the burden of proof is on the donee to establish the fact of a gift by

"* * * clear and convincing proof and if the impartial mind is left in doubt or uncertainty as to exactly what the status of the transaction was, the donee has failed to discharge the burden imposed and the claim of gift will fail. * * *" DeMouy v. Jepson, supra.

It appears to us that complainant has failed to prove an essential element of a valid inter vivos gift—*delivery*. We find no merit in assignment of error 1.

Complainant's assignments of error 2 and 3 also raise the point that the trial court erred in holding there was no consummated inter vivos gift because of a failure to deliver the property. We have previously found, in response to complainant's assignment of error 1, that there was indeed a failure of *delivery*. As these assignments raise essentially the same argument, we are of the opinion that there is no reversible error based on the same.

Assignment of error 4 attacks the trial court's finding that complainant's exhibits 3–8, and 31–33, are not "deeds." These exhibits are letters written by Claude H. Grayson to Margaret Ann Dix, to "Bookkeeper," Grayson Lumber Company, and to the "Accounting Department," Grayson Lumber Company. The letters are relative to the disposition of debenture bonds to his grandchildren.

Complainant says that this finding of the trial court is based upon its "misconception that an instrument which can be described as a 'deed' is necessary to effect a valid gift in the absence of actual delivery of the thing given." We have previously expressed agreement with the trial court's finding that there was a failure to deliver the subject property to the donee. That being so, there could be no valid inter vivos gift since *delivery* is an essential element thereof. Thus, we find it unnecessary to consider the abstract question of what are the requirements of a writing or written instrument evidencing a gift, where the property is not capable of being physically delivered.

Assignment of error 5 argues that the trial court erred in holding that complainant is not entitled to an accounting from either of the respondents. This contention presupposes that respondents are indebted financially to the deceased minor. The same argument made in previous assignments pertaining to the delivery of the debentures is made here. There is no reason to restate our reasons for finding that there was an incomplete gift. We find no merit in this assignment.

Assignment of error 6 alleges that the trial court committed error in its final decree in finding that "the funds reflected by complainant's Exhibit # 1 to Mr. Grayson's deposition, which deposition is marked as complainant's Exhibit 34, * * * are not assets of the estate of Brittain Claude Dix, Deceased." Complainant says that this finding amounts to a declaration that the deceased minor never had title to the interest payments on the debentures which were loaned to Grayson Lumber Company. The evidence does show that respondent Grayson gave the interest coupons on the debentures. However, the record shows that the coupons were given to his daughter Margaret Ann Dix, *as trustee for Brittain Claude Dix*.

Section 2(b) of the trust agreement of which Brittain Claude Dix was the sole beneficiary provides:

"In the event of the death of said beneficiary before attaining the age of twenty-five years, this trust shall also terminate, and the trustee shall transfer and pay over, free of trust, the entire corpus of the trust estate, together with any undistributed income, to the issue of said beneficiary, per stirpes, and if there be no such issue, then to Grayson H. Dix, brother of said beneficiary * * *."

The conclusion seems inescapable that Mrs. Dix having received the coupons as trustee, the same became part of the trust estate or corpus. Under the terms of the trust, Grayson H. Dix, brother of the deceased minor, is entitled to the corpus of

the trust estate, together with any undistributed income. We find no ground for reversal here.

Assignment of error 7 complains of error in the trial court's finding that "the inter vivos trust indenture introduced into evidence as complainant's Exhibit 10 is here controlling" with respect to the indebtedness alleged in the bill of complaint as owing from the respondents to the complainant. Complainant says that the interest payments on the debentures were gifts to Brittain Claude Dix, and as such should be included in his estate. However, as we have noted earlier, the evidence shows that these payments were made to Margaret Ann Dix *as trustee*, and not to Brittain Claude Dix individually.

Assignments of error 8, 9 and 10 are to the effect that the trial court erred in finding that neither respondent Grayson, nor respondent Grayson Lumber Company, is indebted to the complainant, and that the court erred in denying relief to the complainant. The argument made herein has been advanced in support of other assignments, which we have found to be insufficient to require a reversal of this case. Neither are these assignments sufficient to require a reversal.

Assignments of error 11 and 12 allege that the trial court erred to reversal in sustaining the objection of the respondents to the following question asked of complainant's witness Margaret Ann Dix on direct examination:

"Q. (BY MR. REDDEN) Well, no magic in the words, Your Honor. Did you and he discuss the amount of the debentures owned by Britt?

"MR. WEST: I object. That's a legal conclusion from this witness.

"THE COURT: Well, I'll sustain."

■■ It is an unquestioned rule in this jurisdiction that alleged error in the exclusion of offered testimony is harmless error if the same testimony or testimony to

the same effect was later allowed to be given by the witness. Case v. English, 255 Ala. 555, 52 So.2d 216; Gulf Refining Co. v. First National Bank of Mobile, 270 Ala. 351, 119 So.2d 1. The record shows that the witness was asked a subsequent question which was answered by the witness, as follows:

"Q. (BY MR. REDDEN) Did he say, 'I gave him debentures in the amount of $42,000'?

"A. In his frame of reference, this is what he would say, 'This is what I gave to Britt.'

"Q. All right. He said—

"A. And this represented what he had given to Britt.

"Q. And that's what he said to you. Now, the total of those figures is $42,-000. Now, the words 'One-half to Foundation' are written on there. Who wrote that?

"A. He did."

■ Assignment of error 13 alleges that the trial court erred to reversal in overruling complainant's objection to the following question directed to respondent Grayson on direct examination:

"Q. Yes, sir. But I mean you had physical possession of the bonds plus the coupons with reference to the bonds that you had intended ultimately to give to Brittain Claude Dix?

"MR. REDDEN: Now, wait just a minute. We object to the form of that question, may it please the Court. Leading his own witness and attempts to state a mental operation for him.

"THE COURT: Overruled.

"THE WITNESS: Yes. I've always had possession of them."

■ While it is true that this particular question, as it is phrased, may be leading, and may seek to elicit an undisclosed men-

tal operation, the answer appears to be only to the "physical possession" portion of the question. The witness did not appear to answer the illegal portion of the question. Also, the witness had previously testified he had physical possession of the coupons. Therefore, we are of the opinion the same is harmless error. Madison Highlands Development Company v. Hall, 283 Ala. 333, 216 So.2d 724. We are also of the opinion that the error complained of is not one which injuriously affected a substantial right of the complaining party. The rule is well established that this court will not reverse a final decree of the circuit court, in equity, hearing the evidence ore tenus, unless the error complained of has injuriously affected a substantial right of the complaining party. Hall v. Hall, 280 Ala. 275, 192 So.2d 727.

Having found no error in the record, we are of the opinion that the decree of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.