244 So.2d 569

Irene B. STEPHENSON

v.

Mary L. WESTBROOK and Provident Life and Accident Insurance Company, a Corporation.

6 Div. 787.

Supreme Court of Alabama.

Dec. 23, 1970.

Rehearing Denied March 4, 1971.

McCollough & McCollough, Birmingham, for Mary L. Westbrook.

A. W. Jones, Birmingham, for Provident Life and Accident Insurance Co.

Francis H. Hare, Jr., and James J. Thompson, Jr., Birmingham, for appellant.

HARWOOD, Justice.

The Provident Life and Accident Insurance Company filed a bill in equity in the nature of interpleader.

Mary L. Westbrook and Irene B. Stephenson were named as respondents.

The bill asserted that Provident in 1950 had issued to Joseph S. Westbrook, Jr., a certificate of insurance under a group insurance policy carried by Westbrook's employer; that Westbrook had died on 22 March 1969 while the policy was in force, and death benefits in the amount of $4,-000.00 and disability benefits of $164.20 were due and payable under the policy.

The bill further averred that on 26 March 1969, Mary L. Westbrook filed with Provident a claim for the proceeds of the policy, and on 27 March 1969; Irene B. Stephenson filed her claim to the proceeds of the policy.

The bill averred that Provident being uncertain as to which of the two claimants were lawfully entitled to the benefits under the policy, and being desirous of being re-

lieved of its obligation under the policy, did pay into the Registry of the court with the filing of the bill the total sum due under the policy.

It was prayed that process issue to the named respondents, and that the court determine and declare to whom the benefits were payable, and that Provident be released from its liability under the policy.

The respondent Irene Beasley Stephenson filed an answer to the bill of interpleader asserting that as Irene Beasley, she was named as beneficiary under the policy. This was before her marriage on 21 September 1968 to Robert H. Stephenson.

Mary L. Westbrook filed her answer and cross-bill. Therein she asserted that Irene B. Stephenson had been a friend of her son, the insured; that subsequent to Irene's marriage her son, the insured, "did make an oral gift of the proceeds" of the policy in question to her, Mary L. Westbrook.

The cross-bill further asserted that in December 1968 and January 1969 the insured did express an intent to change the beneficiary of the proceeds of the policy to the respondent Mary L. Westbrook, his mother.

At the hearing below various exhibits were received in evidence, and several witnesses were presented by each respondent.

Notes of testimony were filed by the respective parties on 15 January 1970, and the cause was submitted for final decree on that date.

On 28 January 1970, the Chancellor entered a final decree in the cause.

The Chancellor first discharged Provident from liability under the policy, the amount due under the policy having been paid into court.

It was further decreed that the respondent Westbrook was entitled to the proceeds of the policy and the Register was ordered to pay the balance of the monies paid into court after deducting all costs and a solicitor's fee of $250.00 allowed Provident. There was no finding of facts made by the Chancellor.

We, of course, will confine our review to the errors properly assigned and properly argued in brief.

Assignments of error 1, 2, 3, and 8, are joined for argument. These assignments question the sufficiency of the evidence to support the decree rendered.

The pleadings and the evidence presented below show that in 1950 Joseph Westbrook was issued a certificate of group life insurance by Provident. His mother, Mary L. Westbrook, the appellee here, was named as beneficiary.

On 16 June 1967, Joseph Westbrook filed with Provident a written request that the beneficiary under the above mentioned policy be changed to Irene Beasley. On that same day he also filed a request for a duplicate policy or certificate, asserting that the original policy had been lost, misplaced, or destroyed.

It appears that the insured had dated Irene Beasley for some time. Irene owned a tract of land in Jefferson County and she and the insured had engaged jointly in raising cattle. Irene apparently contributed about 45 head of cattle and the insured about 6 head at the beginning of this enterprise. Eventually the cattle were all sold and Irene insisted on dividing the proceeds equally regardless of the original contributions.

In late December 1968, the insured entered a hospital for tests because of a throat condition. This examination revealed that the insured had a malignancy of the throat, and on 7 January 1969, he was operated on for this condition. After his operation he left the hospital and returned to the home of his mother with whom he had lived for a long number of years. His recuperation was progressing but on 22 March 1969 he died, possibly of a heart attack.

It is clear that at the time of his death Irene Beasley (now Stephenson) was the named beneficiary under the policy in question insofar as records of Provident disclose.

It is the contention of counsel for the appellee, Mrs. Westbrook, that the insured again changed the beneficiary from Irene Beasley Stephenson to Mrs. Westbrook, either by a parol change of beneficiary, or by a gift inter vivos.

Witnesses testifying in behalf of Mrs. Westbrook were Mrs. Mary Westbrook Moody, daughter of Mrs. Westbrook, and also administratrix of Joseph Westbrook's estate, her husband, Otis N. Moody, and Mrs. Elizabeth Peacock, who had been a friend of Joseph Westbrook for a number of years. Mrs. Westbrook also testified by deposition.

Their testimony was directed toward showing that Joseph Westbrook, prior to his death, and in particular shortly after his operation, had made statements to the effect that he wanted his mother to have the balance in his account in the Guaranty Savings and Loan Company, his balance in his credit union, the balance in his checking account, and the proceeds of his insurance policy.

Mrs. Moody and Mr. Moody testified that at a meeting in Mrs. Westbrook's home after his operation the insured had stated that his mother was the beneficiary under his insurance policy, and all the assets he left were for his mother.

On cross examination Mrs. Moody testified she found the policy in a chest drawer under some ties in insured's room after his death.

When she filed the claim for her mother with insured's employer she was informed that he had changed the beneficiary named in the policy.

In her deposition Mrs. Westbrook also testified that her son had told her on several occasions that she was the beneficiary of his insurance policy.

Mrs. Peacock testified that she had been with the insured the night before he died, and had discussed his business affairs with him. He had said that all he left was to be used to take care of his mother and the insured had told her the location of the insurance policy.

On cross examination Mrs. Peacock testified that the insured had mentioned his insurance policy to her over the years, and the only beneficiaries she knew about were his mother and father. She did not know that the insured had changed the beneficiary under the policy at any time.

All of appellant's witnesses testified that at no time did the insured produce any policy, or give or deliver any policy to Mrs. Westbrook.

Irene (Beasley) Stephenson testified that she and the insured had been close friends and at one time were in a cattle venture together. In 1967 he had the beneficiary of his policy changed from his mother to her, and gave her the policy. After her marriage she returned the policy to the insured and suggested he have his mother named as beneficiary, but he told her he wanted her to have the proceeds of the policy. On several occasions she had insisted that the insured change the beneficiary on the policy, and two days before the insured died he came by her office. She again urged him to change the beneficiary, but he said the policy was exactly as he wanted it, and if she did not want the proceeds, she could give the money to whomever she wanted to have it.

William O. Head, a witness for the appellant Stephenson, testified that he and the insured were cousins and had been friends through the years. He visited the insured the day before he died and they discussed his estate. As to the insurance policy, Head stated the insured told him he wanted the proceeds to go to Irene (Mrs. Stephenson), "just as it was made out."

In support of his contention that there had been a parol change of beneficiary in favor of Mrs. Westbrook, counsel for Mrs.

Westbrook cites and relies upon Norton v. Norton, 280 Ala. 307, 193 So.2d 750. In *Norton* the insured had changed the beneficiary of his group policy from his mother to his wife Barbara. Later he reported to the insurer the birth of a child who was eligible for hospital benefits under the policy. He and Barbara were divorced, and the insured then reported his status as divorced. The insured later married Annette, and added two step children as dependents. He never changed the beneficiary of the policy. Both Barbara and Annette claimed the proceeds of the policy. The lower court found and held that the insured during his lifetime had effected by parol a change of beneficiary to Annette, and this court affirmed.

■ In the present case, after effecting a change of beneficiary to Irene Beasley (Stephenson), the record is bare of any evidence tending to show that the insured contacted his employer or Provident in any manner relative to any further change of beneficiary. There is simply no evidence from which any inference could be reasonably drawn that the insured effectuated by parol during his lifetime a change of beneficiary subsequent to naming Irene as beneficiary in 1967.

Mrs. Westbrook's answer and cross bill avers that the insured "did make an oral gift of the proceeds of the certificate of insurance * * * to his mother, your respondent Mary L. Westbrook."

As stated in Phillips v. Phillips, 240 Ala. 148, 198 So. 132:

"A life insurance policy held by the insured on his own life, is a chose in action, which like a chattel may be the subject of a gift. When the right to change the beneficiary is reserved, the named beneficiary has no vested right before the death of the insured, and a change of beneficiary, as between claimants, *may be made by gift of the policy to another than the named beneficiary, with the intent to presently pass the title to the donee, and make the donee beneficiary of the policy.* Such a gift may be made by words and acts without writing. *A completed gift must appear in this as in other gifts of chattels.* McDonald v. McDonald et al., 215 Ala. 179, 110 So. 291." (Emphasis supplied.)

■■ The rule is well settled that there are three requirements necessary to the validity of a gift inter vivos, (1) an intention by the donor to make a gift, (2) delivery of the property to the donee, and (3) acceptance by the donee. Where personal property is capable of manual delivery an actual delivery of the property is necessary to consummate the gift, Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606, and authorities therein cited. See also Sec. 129, T. 47, Code of Alabama 1940, to the effect that parol gifts of personal property are inoperative until the custody and control of the property passes from the donor to the donee, and is possessed by such donee. A certificate or policy of life insurance evidencing the contract between insurer and insured is certainly capable of manual delivery.

All of the witnesses for the appellee testified that at no time did the insured deliver the policy to Mrs. Westbrook.

■ Where an insured has the right to change the beneficiary of his policy, a beneficiary has no vested right or interest under the policy but only an expectancy which becomes vested only upon the death of the insured. Flowers v. Flowers, 284 Ala. 230, 224 So.2d 590.

The insurance policy was kept by the insured in a drawer in the room he occupied in his mother's home. It was in his possession. The policy was discovered by Mrs. Moody after insured's death. Appellee's attorney suggests that since the insured looked after his mother's business, his possession was her possession, that is, that he held the policy as agent for his mother. We find no evidence tending to support this theory. In fact, Mrs. Moody testified that her father had named her ad-

ministrator of his estate and she handled all of her mother's business.

◼ Further, the rule is that the burden of proof is on a donee to establish the fact of a gift by clear and convincing proof and if the impartial mind is left in uncertainty as to exactly what the status of the transaction was, the donee has failed to discharge the burden and the claim of gift will fail. De Mouy v. Jepson, 255 Ala. 337, 51 So.2d 506; Garrison v. Grayson, supra.

◼ It is clear from the evidence that Irene Beasley Stephenson was the named beneficiary under the policy in question insofar as the records of Provident show. The insured had the privilege of changing the beneficiary. Absent such change, the right of the named beneficiary became vested in her upon death of the insured, unless the beneficiary was changed by parol, or by a gift inter vivos of the proceeds of the policy. The evidence is totally deficient to establish either of such contingencies. It follows therefore that that part of the decree adjudging that Mary L. Westbrook is entitled to the proceeds of the policy paid into the Registry and directing the Register to pay the balance of the same, after deducting all costs and solicitor's fee, to Mary L. Westbrook or her solicitor of record, is unsupported by the evidence and therefore erroneous. Likewise, that part of the decree adjudging that Irene Beasley Stephenson is not entitled to any portion of the proceeds of the policy is contrary to the evidence and erroneous. Accordingly, these two portions of the decree are reversed. The remaining portions of the decree are affirmed. The decree is therefore due to be, and hereby is, affirmed in part, reversed in part, and remanded to the lower court for entry of a decree consonant with this opinion.

Affirmed in part, reversed in part, and remanded.

LAWSON, MERRILL, MADDOX and McCALL, JJ., concur.