296 So.2d 915

**Doris B. HERBERT**

v.

**Nancy Herbert HAGGERMAKER.**

**Civ. 299.**

Court of Civil Appeals of Alabama.

June 12, 1974.

**16**

H. Floyd Sherrod, Jr., Decatur, for appellant.

Sherman B. Powell, Jr., Decatur, for appellee.

HOLMES, Judge.

The instant appeal comes to us from the Circuit Court of Morgan County, Alabama. It involves a contest between deceased husband's ex-wife, appellee, and his widow, appellant, over the proceeds of a $10,000 life insurance policy. After a hearing *ore tenus*, the lower court found in favor of the ex-wife, who was the named beneficiary on the policy. From this judgment, the widow appeals.

The dispositive assignment of error of widow-appellant is that the lower court erred in its decree in not finding that the deceased insured had made an *inter vivos* gift of the policy to appellant prior to his death.

Close scrutiny of the record reveals the following:

Mutual Savings Life Insurance Company, the insurer of the policy in question, filed a bill in equity in the nature of interpleader to determine which of the two claimants, appellant-widow or appellee-ex-wife, was entitled to the $10,000 proceeds of the policy. Mutual Savings took this action after the death of the husband, which resulted in both appellant and appellee filing a claim for the proceeds.

Appellee's claim was based on the fact that she was the named beneficiary on the face of the policy. The deceased purchased the policy on July 7, 1969, while he and appellee were still married.

Additionally, appellee and her mother testified that deceased had told them (after appellee and deceased were divorced and before his remarriage to appellant) that if anything happened to him, both appellee and their son "would be taken care of."

Appellant's claim for the proceeds of the policy was bottomed on the premise that deceased had made an *inter vivos* gift to her of the policy in question, thereby constructively changing the beneficiary from appellee to herself.

In this regard, appellant testified she and deceased had made a review of their financial affairs in December 1971 and at this time deceased got out all of his insurance policies; showed them to her; and said he wanted her to have all of them except the policies in his son's or his mother's name. Appellant testified deceased then handed her the policies, and in reference to the policy in question,

"He said this policy was mine even though Nancy's name was on it, but he would have to go to Mutual and change the beneficiary. The other policies he could change at the plant."

Appellant further testified that deceased told her he didn't want appellee "to get anything of his." The sister of the deceased also testified he had told her that appellee would never get anything he had.

The evidence further reveals that deceased had taken out, at various times, a total of nine insurance policies which were in force and effect at his death; including the policy in question.

We note that the policy in question contained the following language:

"CHANGE OF BENEFICIARY: The right to change of beneficiary is reserved to the Insured and the consent of the beneficiary or beneficiaries shall not be requisite to surrender or assignment of this Policy or to any change of beneficiary or beneficiaries, or to any other changes in this Policy."

After a hearing *ore tenus*, the lower court found for the appellee and in its final decree made the following findings and conclusion therefrom:

As to the facts, the court recited that appellee was married to deceased at the time the policy was issued; that appellee was the named beneficiary on the face of the

policy; that appellee and deceased later divorced and that deceased married appellant; that the policy in question was in force and effect at the time of decedent's death; that appellant claimed the proceeds of the policy alleging that decedent had orally given the policy to her after their marriage; and that such constituted a change of beneficiary of the policy which would entitle appellant to the proceeds.

The court held that where the contention is made that the beneficiary has been changed orally by a gift, the burden of proof rests on the donee to establish the fact of the gift by clear and convincing proof. The court further noted that the only direct evidence of the claimed gift of the policy was from the person who would benefit from the gift, the appellant. Accordingly, the court held that even though appellant's testimony was admissible, it must be considered in view of all the evidence and facts of the case, and as a result, the appellant did not meet the burden of proof required of her to establish a change of beneficiary of the policy. Therefore, the appellee was the beneficiary under the policy in question.

■ We note at the outset that the insured can effectively change the beneficiary of the policy without following specific requirements set forth by the company which are solely for the benefit of the insurer. As was stated in Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 13, 134 So. 25:

"[W]e have held that a change of beneficiary may be effectual without a notation by the insurer on the policy, though the policy requires that such change be so noted by it, if the insurer waives the requirement, and that an interpleader by it is such a waiver. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L.R. 761." (223 Ala. at 16, 134 So. at 27)

See also Norton v. Norton, 280 Ala. 307, 193 So.2d 750; Phillips v. Phillips, 240 Ala. 148, 198 So. 132.

■ In the instant case, the action of interpleader by the insurer, Mutual Savings had the effect of waiving compliance with its rules of assignability.

■ Furthermore, it is clear the insured may change the beneficiary by gift where the right to change is expressly reserved to the insured as it is reserved in the policy in this case. Hutchins v. Whatley, 248 Ala. 449, 28 So.2d 191; Whitman v. Whitman, 225 Ala. 113, 142 So. 413.

■■ In order to determine whether a gift *inter vivos* was made by the deceased, as able counsel for appellant contends, three requirements must be met, (1) an intention by the donor to make a gift, (2) delivery of the property to the donee, and (3) acceptance by the donee. Stephenson v. Westbrook, 286 Ala. 620, 244 So.2d 569. Additionally, when personal property can be manually delivered, an actual delivery of the property is necessary to consummate the gift. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606. Ala.Code (1940), Tit. 47, § 129, requires that a parol gift of personalty is inoperative until the control and custody of the property passes from the donor to the donee, and the donee possesses it.

■ When considering the above stated points of law, we must also recognize the rule that the burden of proof is on the donee to establish the fact of a gift by clear and convincing proof, and if the impartial mind is left in uncertainty as to exactly what the status of the transaction was, the donee has failed to discharge the burden and the claim of gift will fail. Stephenson v. Westbrook, *supra*; DeMouy v. Jepson, 255 Ala. 337, 51 So.2d 506; Garrison v. Grayson, *supra*.

It is clear that the trial judge, in this instance, as evidenced from his decree, found the burden of proof was not met by the appellant-widow in the trial below.

In this regard, we note the appellee testified the deceased told her that she and their son would be taken care of if any-

thing happened to him. Significantly, the deceased told appellant he would have to change the beneficiary on the policy, thereby evidencing that, to him, this might need to be done, but he did not do so. This takes on more importance in view of the actions taken by the deceased on other policies. First of all, we note that he changed the beneficiary on an Aetna policy from the appellee to the appellant, and, as a result, appellant collected $24,000 from it. In addition to the Aetna policy, the appellant collected $2,500 from the Colonial policy which was payable to "wife."

Additionally, the son of deceased and appellee was the named beneficiary on a $5,000 policy with Mutual Savings and a $13,000 policy with Massachusetts Mutual. The deceased also had a burial policy on the son. There were also three policies with Liberty National totalling $10,000 in benefits on which the deceased changed the beneficiary from appellee to his mother.

In light of these actions by the deceased in changing the beneficiary of several of the policies, the status of the Mutual Savings policy is certainly not without question.

As the lower court pointed out in its decree, the burden was on the appellant to establish the fact of a gift by clear and convincing proof, and if an impartial mind is left in doubt or uncertainty as to exactly what the status of the transaction was, the donee fails to discharge the burden of proof imposed and the gift will fail. Basenburg v. Richter, 279 Ala. 399, 186 So.2d 114; DeMouy v. Jepson, *supra*; Vinson v. Vinson, 262 Ala. 388, 79 So.2d 31.

The trial court had before it a question of fact as to whether there was a gift, and upon reviewing all the evidence and the witnesses' testimony *ore tenus,* the lower court held the appellant did not establish the fact of a gift by clear and convincing proof. Therefore, upon application of the necessary presumptions which we accord to a decision of a lower court on the testimony *ore tenus,* to wit, that where evidence is heard orally by the trial court the finding of the court has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous, and we must affirm the trial judge's decree if fairly supported by credible evidence under any reasonable aspect. We cannot say, in the instant case, that the court's decree was plainly erroneous so as to require reversal.

Accordingly, and upon consideration of all assignments of error, the decree of the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.